M. C. SUMME (Boehm) d/b/a Summe Milk Products Company, Appellant,

v.

CHAPMAN DAIRY COMPANY, a corporation, Appellee.

No. 15194.

United States Court of Appeals Eighth Circuit.

Nov. 13, 1956.

J. M. Loomis, Kansas City, Mo., for appellant.

John G. Madden, Kansas City, Mo. (William K. Atwood and Madden & Burke, Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

By this appeal appellant seeks to reverse a judgment dismissing on its merits her alleged cause of action against appellee by which she sought to recover actual damages in the sum of $85,000 and punitive damages in the additional sum of $85,000 for the alleged conversion of certain so-called milk routes in Kansas City, Missouri and vicinity, and for the confiscation of books and records of the milk routes alleged to belong to her. The parties will be referred to as plaintiff and defendant respectively.

By way of answer defendant specifically denied that it had appropriated or converted to its own use any milk route or routes belonging to plaintiff and it also denied that plaintiff ever at any time owned or operated any such milk routes as alleged in her complaint and denied that it had confiscated the books and records of milk routes, if any, belonging to plaintiff. Defendant also alleged that it first took over possession of the milk routes described in plaintiff's complaint by virtue of a contract and agreement between it and the receiver of the bankrupt estate of the Summe Dairy Company, pursuant to orders of the Referee in Bankruptcy having jurisdiction of said estate, and that it later purchased in due course said so-called milk routes from the duly appointed and acting trustee in such estate and has, since said purchase by it, been in possession thereof as owner; that said milk routes and the estimated value thereof were included as a part of the assets of the estate of Summe Dairy Company, a corporation, bankrupt, and in due course were sold to defendant and the sale thereof was duly confirmed by order of the Referee in Bankruptcy, from which order no appeal has ever been taken by plaintiff or any other person and constitutes a final adjudication of the claims now urged by plaintiff; that by this proceeding culminating in sale to this defendant it was, in effect, adjudged and determined that the said property was the property of the said bankrupt estate and that title thereto was transferred to and vested in this defendant free and clear of any claim of plaintiff. The answer also contained a general denial of all other allegations of plaintiff's complaint not specifically admitted.

At and prior to the time the Summe Dairy Company filed its petition in voluntary bankruptcy plaintiff was vice-president and active in the management and control of the Summe Dairy Company, of which company her father, A. J. Summe, was the president and principal stockholder. This company was a dairy company and owned and operated certain so-called milk routes in or in the vicinity of Kansas City, Missouri. It became financially embarrassed in 1943 to the extent that on its voluntary petition it was adjudicated a bankrupt on July 2, 1943. Subsequent to this adjudication plaintiff claims that one William B. Bostian, whom she assumed was acting as a receiver in bankruptcy, said he would not operate these milk routes and, in effect, abandoned them and told her that she might have them. She thereupon for a period of six days actually operated these milk routes, following which, however, she was, on application of the receiver in bankruptcy, by order of court restrained from further operation or interference with the operation of said routes by defendant and they were thereupon taken over by the bankrupt estate either through its receiver or trustee. The routes were first operated by defendant under contract pur-

suant to order by the Referee in Bankruptcy until they were in due course sold to defendant and defendant has since continued to operate same as owner.

At the time of the alleged statement by Mr. Bostian that he would not operate these milk routes and that plaintiff might have them, he had not been appointed receiver or trustee and there was never at any time any order of court authorizing the receiver or trustee to abandon said milk routes as onerous or otherwise.

As alleged in the answer of defendant the order confirming the sale of this property to defendant has never been appealed from.

In seeking reversal plaintiff contends that: (1) the trial court actually found in his opinion facts which under the law clearly constitutes abandonment and after such finding failed to pass on the question of abandonment, (2) the court erred in not finding that the receiver actually abandoned the milk routes in question regardless of his power to do so, (3) the title to the bankrupt estate becomes vested in the trustee in bankruptcy at the time of filing the petition and adjudication of bankruptcy and that after having once abandoned the property the trustee may not thereafter take the property back regardless of the value later ascertained or property having become valuable and (4) the court erred in not finding that the trustee had the power and authority in his judgment to abandon bankrupt property and is not required under the law to operate a business in bankruptcy.

This case was tried to the court without a jury but at the close of plaintiff's testimony the defendant moved for judgment dismissing plaintiff's complaint with prejudice and for judgment in favor of defendant and against plaintiff.

 There was introduced in evidence on behalf of plaintiff certain alleged statements of Mr. Bostian, who later was appointed custodian-receiver, to the effect that he would not operate the milk routes, that he didn't know anything about the milk business, that plaintiff could have them or anybody could have them. These alleged statements formed the basis of her claim that the milk routes had been abandoned by the receiver of the bankrupt estate and had, in effect, been given to her. Unfortunately, Mr. Bostian was not given an opportunity to give his version of the alleged conversation because the court was of the view that even if the plaintiff's version of the statements were true, as a matter of law they were insufficient to vest in her any right to the property. We need not speculate as to what Mr. Bostian's version of this extraordinary transaction would be because we are in accord with the views of the court that the property of the bankrupt's estate could not thus be either abandoned or given away and the creditors deprived of their rights to have the property, which plaintiff now claims to be worth $85,000, converted into money and applied to the discharge of their claims. In the first place, Mr. Bostian at the time of the alleged incredible statements had not as yet been appointed receiver and apparently very shortly after he was so appointed he brought proceedings to restrain plaintiff from operating or interfering with the operation of the routes by defendant and she was so restrained by order of court. Even had Mr. Bostian been acting as receiver at the time of making the alleged statements he could not have either abandoned nor made a gift of this property except under order of court. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Whitney v. Wenman, 198 U.S. 539, 25 S. Ct. 778, 49 L.Ed. 1157; In re Humeston, 2 Cir., 83 F.2d 187; Gerstel v. Shaw, 5 Cir., 71 F.2d 371; Lincoln National Life Ins. Co. v. Scales, 5 Cir., 62 F.2d 582. After such appointment he was a mere custodian. General Order 40 in Bankruptcy, 11 U.S.C.A. following section 53. In Whitney v. Wenman, supra, the applicable law is thus stated [198 U.S. 539, 25 S.Ct. 781]:

"It is insisted that in the present case the property was voluntarily turned over by the receiver, and thereby the jurisdiction of the district court, upon the ground herein stated, is defeated, as the property is no longer in the possession or subject to the control of the court. But the receiver had no power or authority, under the allegations of this bill, to turn over the property. He was appointed a temporary custodian, and it was his duty to hold possession of the property until the termination of the proceedings, or the appointment of a trustee for the bankrupt. The circumstances alleged in this bill tend to show that the transfer of the property was collusive, and certainly, if the allegations be true, it was made without authority of the court. The court had possession of the property, and jurisdiction to hear and determine the interests of those claiming a lien therein or ownership thereof. We do not think this jurisdiction can be ousted by a surrender of the property by the receiver, without authority of the court."

This property was in *custodia legis* and could not have been surrendered by the receiver or trustee without the court's authority. As said in Gerstel v. Shaw, supra [71 F.2d 373]:

"The trustee's contention is that, since the bankrupt was in possession of the hotel and furnishings when the petition was filed, the property was in custodia legis from that time, and the court is entitled to regain possession summarily; it being the duty of persons having claims to or against it to apply to the court for their recognition. Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; Board of Trade of Chicago v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533; Isaacs, Trustee, v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645.

Transfers pending adjudication from an alleged bankrupt of his property are no doubt generally at the peril of the taker. International Bank v. Sherman, 101 U.S. 403, 25 L.Ed. 866. *And a surrender by a receiver without the court's authority is inoperative.* Whitney v. Wenman, 198 U.S. 539, 25 S.Ct. 778, 49 L.Ed. 1157." (Italics supplied.)

As the property of this bankrupt from the time of filing of its voluntary petition was in *custodia legis* and as said in Lincoln National Life Ins. Co. v. Scales, supra [62 F.2d 585]:

"Thereafter no other court can exercise any jurisdiction over it without consent of the bankruptcy court. * * * His powers depend on the law. He may not compromise or arbitrate anything except under the court's approval. Sections 26, 27 (11 USCA §§ 49, 50). He must collect the property and reduce it to money, but 'under the direction of the court.' Section 47a(2), 11 USCA section 75(a) (2). He may bring a suit without court order or at least the person sued cannot question the propriety of the suit; but he cannot usually make a final sale without court order or approval. Section 70(b), 11 USCA § 110(b); General Order XVIII and Forms 42, 44, 45, 46 (11 USCA § 53). Creditors must have notice of a proposed sale. Section 58(a) (4), 11 USCA § 94(4). A trustee may disclaim burdensome property, but his action may be revised by his court. Dushane v. Beall, 161 U.S. 513, 16 S.Ct. 637, 40 L.Ed. 791. By no surrender of possession can he defeat the court's control over any part of the estate."

Certainly in the circumstances disclosed by this record Mr. Bostian could not have legally vested title to these routes in plaintiff, either by gift or by abandonment. So far as the allegation of abandonment is concerned we find it without support in fact or in law. The alleged declaration by Mr. Bostian was

made before he was even appointed custodian-receiver. Not only was Mr. Bostian without authority but it is manifest from the evidence that he could not have obtained authority to abandon these milk routes on the ground that they were burdensome because they were of substantial value to the estate.

At the time of filing the petition in bankruptcy these milk routes constituted assets of the estate and were listed in the assets and schedules of the bankrupt to be of an estimated value exceeding $30,000, and, being in *custodia legis,* any claim to or against them would have to be made to the court for recognition. Gerstel v. Shaw, supra. Plaintiff filed no claim to these assets with the bankruptcy court. Subsequent to the election of Mr. Bostian as trustee these milk routes were sold to defendant and the order confirming the sale recited that the milk routes belonged to the bankrupt and that A. J. Summe and other creditors had had ample time to submit bids. A bankruptcy proceeding is a proceeding *in rem.* It binds claimants who fail to assert claims equally with those who do assert claims and when title to the res is adjudicated and judgment becomes final that adjudication is conclusive as against the world. Edelstein v. United States, 8 Cir., 149 F. 636; Arizona Power Corporation v. Smith, 9 Cir., 119 F.2d 888; Coulter v. Blieden, 8 Cir., 104 F.2d 29. In Edelstein v. United States, supra, it is said [149 F. 638]:

> "It is true the District Court as a court of bankruptcy is one of limited jurisdiction—that is, limited in respect of the subjects over which it may exercise jurisdiction—but it is unlimited in respect of its power over proceedings in bankruptcy, specifically made subject to its jurisdiction by section 2 of the act. When judgments are rendered by that court upon questions arising in such proceedings, they possess all the incidents and qualities of finality and conclusiveness appertaining to judgments of courts of general

jurisdiction. Its judgments, unless reversed on appeal or writ of error, import absolute verity."

In fact the filing of a petition in bankruptcy is itself a caveat to all the world and is in the nature of an attachment, and anyone claiming any right or property to any part of the bankrupt's assets must assert such claim in the bankruptcy court. Schultz v. England, 9 Cir., 106 F.2d 764; In re Taylor, D.C. N.D.Ga., 29 F.Supp. 656. In the instant case plaintiff failed to present any claim to any of the assets of the bankrupt's estate and she is now precluded from so doing. Arizona Power Corporation v. Smith, supra; Coulter v. Blieden, supra.

A consideration of the entire record convinces us that the plaintiff's asserted rights to the property here involved and her claim that the defendant has converted any property belonging to her to its own use are groundless and wholly without merit. The judgment appealed from is therefore affirmed.