*Northern District*

No. 5477

**ERNEST H. PECK**
v.
**CARL GREIGE**

(February 15, 1961)

*Present:* Brooks, P. J., Eno and Northrup, JJ.

Case tried to *Harrington, J.,* in the District Court of Eastern Essex. No. 15249.

*Eno, J.* This is an action of contract with a declaration in three counts:

1. For money loaned in December 1956, in the sum of $500.00 plus interest of $90.00.
2. For money loaned in January and February 1957, in the sum of $175.00 plus interest of $31.20.
3. For money loaned on September 24, 1959, in the sum of $200.00.

The answer is a general denial and a plea of *res judicata.*

At the trial it was agreed that Count 3 refers to an action which was previously fully tried, a finding was made, and that the matter is *res judicata.*

Only Counts 1 and 2 of the declaration are now in issue.

The report is erroneously entitled "Plaintiff's Report". The original report that an aggrieved party files after a decision is called a "Draft Report" but when it is allowed by the Trial Judge it becomes the "Report" of the Judge, and not a "Plaintiff's"

or a "Defendant's" report. Rule 28 of the Rules of District Courts, (1952).

The report is very meagre as shown by the following quoted verbatim therefrom:

"It was further agreed that on or about December 12, 1956, the plaintiff did loan the defendant $500.00 and that the defendant had made no payments on this loan. The plaintiff stated that this claim was against the defendant on a common count of money loaned and not on a specific written contract mentioned by the defendant. At the request of the Court, the plaintiff produced, but did not offer in evidence, a copy of the written contract mentioned which, on motion of the defendant, was admitted to evidence and which is now attached to the pleadings. The written contract original is now in the Federal Court.

The plaintiff testified that two additional loans totaling $175.00 was made to the defendant in January and February 1957, and that no payments had been made on the loan whatsoever. The defendant denied such loans were made.

The defendant then presented and offered as evidence a report of the finding of one Justice Ford in the Federal Court For The District of Massachusetts involving the libel of a fishing vessel and entitled Ernest H. Peck, Libelant vs. the Oil Screw F. V. Lou Sam, her engines, tackle, apparel and furniture.

The plaintiff objected to the admission of such report for the purpose of proving the plaintiff's three counts in the action at bar to be res judicata (sic.) as the parties and other elements of the case in the Federal Court were different from the case at bar.

The Court overruled the plaintiff's objection and allowed the report to be entered as evidence.

The plaintiff duly claimed an exception and offered to prove that the parties in the Federal Court case were not the same as in the case at bar; that the basis for the claim at bar was on an implied oral contract only and not on an express, written contract used as basis of claim for the Federal Case of Peck vs. Lou Sam. The plaintiff requested that the said ruling be reported."

 While the report states that the plaintiff duly "claimed an exception" to the admission of said report, he failed to pursue the matter since he did not reduce his objection in writing within five days after the ruling was made as required by Rule 27, of Rules of District Courts, (1952).

The plaintiff also failed to argue this point in his brief and we treat this matter as having been waived.

 The report admitted in evidence was an opinion by Ford, D. J. rendered December 7, 1959, in a case brought in the U. S. District

Court by the plaintiff, (libellant) vs. "The Oil Screw Fishing Vessel Lou Sam, her engines, tackle, apparel and furniture" (the respondent).

The pertinent portions of this opinion is as follows:

"In December of 1956 libelant Peck and one Greige, one of the three owners of the Lou Sam, and described as the managing owner, entered into a written agreement under which Peck advanced to Greige the sum of $500. to fit out the vessel for fishing purposes. Other material provisions of the agreement read as follows:

"4. That said Greige will keep the said dragger Lou Sam fishing and will pay over to said Peck each week a one-sixth share of the earnings of said dragger Lou Sam even if the amount paid to said Peck is far in excess of the five hundred dollars loaned.

"5. That if by March 31, 1957 at least five hundred dollars in shares has not been paid to said Peck, then the arrangement in paragraph 4 is to continue until the full sum of five hundred dollars has been paid to said Peck.

"6. That said Greige as the managing owner of said dragger Lou Sam will sell each trip or catch of fish to one reliable dealer and will keep full and accurate records of each catch and sale and will

furnish said Peck with a weekly report of the same."

"Peck further testified that on a subsequent occasion in January 1957, he loaned Greige an additional $100. to fit out the vessel and later in the same month an additional $75. Greige denied these two later loans were ever made and said that in 1957 no money was spent for repairs on the vessel until March of that year. On the evidence the libelant has failed to sustain the burden of proving that the loans of $100. and $75. were made."

The District Judge, after reciting further findings as to the $500. loan, concluded as follows:

"The conclusion is that repayment to libelant of his $500. is not yet due in whole or in part under the contract and that libellant, having shown no actual damage suffered by him for the failure of Greige to keep records as required by the contract, is entitled only to nominal damages for that breach.

A decree will be entered awarding nominal damages to libelant in the amount of one dollar."

The agreement above referred to is dated December 12, 1956, and is signed by the plaintiff and defendant in this action. It refers to the defendant as "the managing owner of the small dragger named Lou Sam", and certain other pertinent paragraphs of that

agreement are quoted in the opinion above mentioned.

The plaintiff filed certain requests for rulings which were denied by the Court as follows:

1. The evidence warrants a finding for the plaintiff.

 "Denied. (see memo of Findings and Rulings)"

2. The evidence does not warrant a finding for the defendant.

 "Denied. (see memo of Findings and Rulings)"

3. As a matter of law, the plaintiff is entitled to waive his contract with the defendant as agent and part owner of a vessel, and bring suit against the defendant on a count for money loaned as provided by statute and common law.

 "Denied and further plaintiff did not waive his rights under the written agreement referred to and attached to the Court's memo of Findings and Rulings."

4. As a matter of law, an action by the plaintiff against a vessel owned in part by the defendant and two others for whom the defendant was agent on a written contract in admiralty is not res judicata as to an action at law in which the plaintiff brings his action against the defendant for money loaned.

 "Denied. (see memo of Findings and Rulings)"

5. As a matter of law, the plaintiff is entitled to interest on his loans to the defendant.

*Plaintiff's rights are entirely dependent upon the terms of the written agreement referred to and attached to the Court's memo of Findings and Rulings."*

6. As a matter of law, the record or report of the Judge of the Federal Court on the case of Ernest Peck vs. F. V. Lou Sam may be entered as an exhibit or chalk but not as evidence.

*"Denied."*

7. As a matter of law, the contract or a copy thereof between the plaintiff and the defendant for the amount or part of the amount sought in this action may be entered as a chalk or exhibit but not as evidence.

*"Denied".*

8. The evidence warrants a finding that the defendant has been in bad faith by not making a single payment on the loans made to him by the plaintiff.

*"This is not a request for ruling of law."*

The Court made rulings and findings among which are the following:

"4. As to Count One—it appears that the parties hereto entered into a written agreement dated December 12, 1956, and a copy of which is attached hereto. In substance this agreement is a promissory note—payable by Greige from the earnings of a fishing vessel of which Greige was the managing owner. Greige further represented

that he was acting for the two other co-owners named therein.

5. As to Count Two—plaintiff claims to have made two additional loans totalling One Hundred seventy-five ($175.00) Dollars in January and February, 1957.

6. These first two counts formed the basis of an action in Admiralty being No. 59-39 F. Admiralty in the United States District for the District of Massachusetts. In an opinion dated December 7, 1959, Mr. Justice Ford found a breach of the contract by reason of the defendant's failure to keep records and awarded plaintiff nominal damages of One Dollar.

I find and rule therefore as to Count One that this matter is res judicata.

7. As to Count Two—in the opinion referred to above the Court found that the plaintiff failed to sustain the burden of proving that the loans were ever made.

I find and rule therefore as to Count Two that the matter is res judicata."

The trial judge found for the defendant.

The plaintiff claims to be aggrieved by the denial of said requests and the failure of the Court to allow or deny request number 5.

The report states that it contains "all the evidence material to the questions reported".

There was no error. We are of opinion that the evidence was sufficient for the court's findings and rulings.

The plaintiff seeks to recover in this action under Count 1 of his declaration, the $500.

allegedly loaned by the plaintiff, December 12, 1956, to the defendant under a written agreement of that date. This agreement is signed by the defendant Greige, who represented in paragraph 3 thereof, that he was "the managing owner of the small dragger named "Lou Sam" and that he had full authority from the other co-owners . . . to act for and in their behalf in executing this agreement".

The trial judge in this action could find that it was under that agreement that the plaintiff brought his libel in a Federal Court against the said vessel 'LOU SAM' under admiralty practice, seeking to recover said loan of $500. and in which he recovered a judgment in the sum of $1.00. The judge could also find that this libel was really brought against this defendant, since he was the one who borrowed the money; that the vessel 'LOU SAM' was not an individual, but a vessel owned principally by him; and that the name of the vessel was used as is the practice in admiralty.

The plaintiff having elected to proceed in admiralty in a Federal Court, on the agreement as he did, and after losing the case there, should not be allowed to claim now "money loaned" in order to maintain this action.

The same may be said for the two loans amounting to $175.00. This issue was also fully tried in the Federal Court, and the U. S. Judge found that no such loans had been

made and found against the plaintiff.

We think that the trial judge in this action could have made the same finding.

Here the plaintiff testified he loaned those sums and the defendant denied that any such loans were made. On that evidence the trial judge could easily have found that the burden of proof was not sustained by the plaintiff.

The report is to be dismissed.

Merrill B. Nearis of Gloucester, for the Plaintiff.
Charles L. Ayers of Gloucester, for the Defendant.