*Northern District*
#6606

## ARTHUR D. LITTLE, INC.

v.

## WELLINGTON SERVICE CORP. ET AL

Argued: Nov. 29, 1967   Decided: Jan. 12, 1968

**208**

*Present:* Connolly, P. J., Yesley, J.

Case tried to *Viola, J.,* in the Third District Court of Eastern Middlesex    #1574

*Connolly, J.*   This remand case is *an action of contract* in which the plaintiff seeks to recover from the two defendants property for damage to its goods alleged to have occurred in transit. The answer of both defendants included a general denial, statute of limitations, assumption of the risk, contributory negligence, failure to comply with the contract of carriage, failure to notify the defendants of the damage and intervention of the negligence of a third person.

The court found for the defendants.

The plaintiff seasonably filed several requests for rulings of law including the following:

> (4) The evidence warrants a finding that the "dewar" was subsequently delivered by a connecting carrier to Air Reduction Pacific Company in a damaged condition.

> (6) The burden is upon the defendant to show that the damage resulted from a cause for which it was not legally liable.

(7) The defendant has failed to sustain its burden of proving that the damage was caused by an act or default of the shipper (plaintiff).

(8) Defendant has not submitted evidence sufficient to rebut plaintiffs prima facie case, and plaintiff is therefore entitled to recover.

(9) The evidence warrants a finding that the "dewar" was repaired at a cost of $4,256.53.

The trial judge filed a memorandum of his findings of fact and disposition of the requests of the plaintiff, as follows:

"Arthur D. Little, Inc. (Little) plaintiff, engaged the defendant, Wellington Service Corporation, (Wellington), to rig, load, secure and transport one "Dewar" a 4,000 pound unit from (Little's) Cambridge, Massachusetts plant to a (Little) subsidiary company, Air Reduction Company (Air) located in Richmond, California.

"The 'Dewar' is a unit consisting of, among other parts, carbon steel cutter container, steel insulation shield, nitrogen container, liquid helium vacuum insulated. Careful packing was required for transportation. Packing of this unit was done painstakingly by the plaintiff's agents very efficiently. It was then loaded and properly secured, under the direction

of the plaintiff's reputable engineer, on to a low boy trailer belonging to the defendant (Keith). This engineer testified the loading, and security to be satisfactorily and excellently performed. Because the defendant (Wellington's) operation authority was limited to Massachusetts, it retained (Keith) to transport the unit to its destination.

"On [November] 16, 1963, delivery proceedings were commenced, (Keith), in conjunction with several connecting carriers caused to be delivered, the unit to the consignee (Air). Delivery was made on December 4, 1963, and was certified as having been received in "good order" by one of the consignee's agents.

"The same engineer, who had supervised the loading in Massachusetts, was upon consignee's premises at the time of delivery for the purpose of supervising the unloading and it was completed under his direction. The labor was performed by riggers he had hired, (not connected with either defendant), for this task. Upon examination, the engineer found the condition of the "Dewar" to be "the same as it had been when loaded on to the hauler in Massachusetts — satisfactory, and adequate."

"Due to the failure of the plaintiff or/and its consignee to have made adequate pro-

vision, it was discovered the unit was too large to pass through the opening of the building that was to house it. Accordingly, and under plaintiff's Agent's instructions, the carrier placed the unit upon a platform adjoining the building where it remained for several days, when the opening was made large enough to accommodate the transfer. The carrier's agents departed after having satisfactorily placed the "Dewar" upon the platform. Delivery in good order had been made. Control of the unit was, upon this delivery, completely in the plaintiff or consignee. Neither defendant was in the category of warehousemen while the unit remained on the platform.

"When the opening of the building had been enlarged sufficiently, operations were commenced to place the unit into position therein. To do this, it was necessary to employ the use of "Cranes" and "Wooden rollers." It was "roughly" handled during this process. All the men engaged to accomplish this task were employed by the consignee and/or the plaintiff. The damage as alleged could well have resulted by such handling. The services rendered by the defendants was of superior quality. No damage, if any, was caused by either defendant or their agents.

"In view of this finding, the issue of dam-

age is academic, and this court will not pass upon it.

"Accordingly, I find for the defendants and rule upon plaintiff's requests for rulings as follows:

1. Allowed
2. Allowed
3. Allowed
4. Denied — inapplicable
5. Allowed
6. Denied (damages not passed upon) inapplicable
7. Denied — inapplicable
8. Denied — inapplicable
9. Denied — inapplicable
10. Allowed

"In view of finding, requests filed by defendants not considered."

The recitals in the judge's memorandum is a condensation of what appears in the report. There was evidence to support his findings of fact.

Although the report does not give as one of the reasons the plaintiff claims to be aggrieved, the admission in evidence of a bill of lading containing the notation that the article alleged to have been damaged was received in "good order" by the consignee, the plaintiff argues the point in its brief.

If the admission in evidence of the bill of lading was in error, and we do not think it was, the plaintiff has not taken the proper

steps to bring the question before this division for review. The trial of the case was on *April 24, 1967.* The finding for the defendants was made on *May 25, 1967.* On *June 5, 1967,* the plaintiff filed a claim for a report. No other entries appear in the docket for the period *April 24, 1967* to *June 5, 1967.*

A request for a report of the trial judge, involving his ruling upon the admission of evidence, is of no effect when it is not followed within five days after the hearing of all the evidence by a reduction of the matter to writing as required by District Court Rule 27. *Peck* v. *Greige,* (1961) 21 Mass. App. Dec. 21.

Our sole concern then is whether there was error in the denial of the cited requests for rulings.

We do not think there was. The requests do not apply to the facts as found by the trial judge.

Moreover, it is evident from the detailed recitation of the evidence in the memorandum of the trial judge that his findings of fact were intended to stand by themselves irrespective of the correctness of the rulings. *Fibere Leather Mfg. Corp.* v. *Ramsey Mills, Inc.,* 329 Mass. 575.

The findings that ''Delivery *to the consignee of the article in question* in good order had been made'' and ''no damage, if any *was sustained by the article in question,* was caused by either defendant or their agents'', required the ulti-

mate finding for the defendants. *Brodeur* v. *Seymour,* 315 Mass. 527.

(The italic clauses above were not in the memorandum and are put in to supply context).

There being no prejudicial error, **the report is dismissed.**

ELY, BARTLETT, BROWN & PROCTOR,
  for the Plaintiff.
BURKE, MONAGHAN & McGRATH,
  for the Defendant.
    Wellington Service
DONALD P. WIENERS,
  for Defendant,
    Keith Fulton T. Lony.