*Southern District*

## No. 128

# ALDEN PLUMBING & HEATING, INC.
## v.
# ALAN R. BRINI

Argued: January 21, 1976. Decided: August 6, 1976

Case tried to *White, J.,* in the Third District Court of Plymouth. Number: 27310.

Present: Lee, P.J.; Tamkin, and Hurd, J.J.

**Tamkin, J.** This is an action of contract to recover for services rendered to the defendant for plumbing installed in an area of his building rented by a corporation named Vagabond, Inc.

The plaintiff's declaration alleges that the defendant owes it $1,624.35 for plumbing work allegedly furnished for the defendant at the defendant's request during the year of 1972, and for interest in the sum of $50.00. The defendant's answer was a general denial.

The court found for the plaintiff in the sum of $1,624.34.

We summarize the evidence as follows: The plaintiff corporation by one of its agents and officers, Richard J. Morini, a journeyman plumber, had done work for the defendant in the past. The plaintiff corporation had also performed work in the past for Delora Food Company, Inc. and Avanti Food Company, Inc. The defendant having been affiliated with

both. Bills had been sent to and had been paid by the defendant, for Delora Food Company, Inc. and Avanti Food Company, Inc.

Morini testified that he had done plumbing work for other tenants in the building owned by the defendant at 301 Court Street, Plymouth, Massachusetts. Bills had been sent to and paid by these tenants. He had known the defendant since 1970.

The defendant testified that:

He was the Treasurer of Vagabond, Inc., and Roger Falcione was its principal. The Articles of Incorporation of Vagabond, Inc. listed Roger Falcione as its president and the defendant Alan R. Brini as treasurer. Vagabond, Inc., was incorporated in December, 1971, but its Articles of Incorporation were filed on January 17, 1972. Vagabond, Inc. opened for business on May 12, 1972 although the plumbing permits introduced by the plaintiff indicated that the plumbing work performed by the plaintiff was not inspected and approved by the Plymouth Plumbing Inspector until June 21, 1972.

Morini testified that he met with the defendant. The defendant testified that Falcione was also present at the meeting at 301 Court Street, Plymouth, Massachusetts, and, in that area of the building rented by Vagabond, Inc., they discussed the work to be done and, as a result of the discussion, Morini accepted the job in behalf of the plaintiff and filed for a plumbing permit on March 22, 1972. The plumbing permits were issued in the name of the defendant, the owner of the building.

Morini further testified that at all times he believed that the defendant was the party with whom he was contracting, and that the defendant requested the plaintiff to list Vagabond, Inc. as the party to be charged.

The plaintiff's Ledger card was captioned "Vagabond, Box 26, N. Plymouth, Mass.", and a statement,

similarly captioned, was also entered into evidence. A payment of $1500.00 was made to the plaintiff by check drawn on Vagabond, Inc., which was entered on the plaintiff's ledger card and also entered into evidence.

On October 10, 1973, in response to the plaintiff's Interrogatories, the defendant had described himself as self-employed. The defendant also listed his personal address as Box 26, N. Plymouth, Massachusetts.

Morini testified that in 1974, approximately two years after the plumbing work had been done, the defendant met Morini at a restaurant in North Plymouth, Massachusetts and said "I got a bank loan and I'm going to pay you".

At no time were the services rendered on the premises leased by Vagabond, Inc. billed to the defendant until the case in issue was entered in court.

At the close of testimony and before argument, the defendant made requests for rulings which, with the court's disposition thereof, were, as follows:

**1.** There is no legal presumption arising from ownership that the owner of the fee is legally liable for repairs on his building. *LaChance v. Rigoli,* 325 Mass. 425, 427. *Denied as inapplicable.*

**2.** The evidence does not warrant a finding that defendant individually agreed to pay for the work done by plaintiff. *Denied as inapplicable.*

**3.** The evidence warrants a finding that if a debt is owed, the same is owed by Vagabond, Inc., a Massachusetts corporation. *Denied as inapplicable.*

**4.** The evidence is conclusive that Vagabond, Inc. was a joint venture between defendant and one Roger Falcione, and that both defendant and Falcione negotiated with plaintiff in behalf of Vagabond, Inc., and not individually. *Denied as inapplicable.*

**5.** As a matter of law defendant cannot be held liable unless credit was extended to him individually, unless plaintiff expected defendant to pay individually *and* unless defendant in fact expected to be held individually liable to pay the bill when the work was contracted. *LaChance v. Rigoli,* 325 Mass. 425, 427. *Denied as inapplicable.*

**6.** The burden of proving a contract with defendant individually is on the plaintiff. *Lodge v. Congress Tax,* 340 Mass. 570.[1] *Denied as inapplicable.*

**7.** The fact that plaintiff billed "Vagabond" is evidence that defendant was not individually expected to pay the bill, especially since plaintiff knew defendant individually and had in part negotiated with one Roger Falcione. *Denied as inapplicable.*

**8.** The sense of the words "Vagabond" is a question of fact in view of all the circumstances.[2] *Way v. Greer,* 196 Mass. 237, 246.

**9.** Delivery slips, absence of registration with the Town Clerk, checks used in payment, bills, etc. are evidence that the plaintiff was dealing with a corporation. *Coleman Bros. v. Commonwealth,* 307 Mass. 205, 209-210. *Britton, Inc. v. Hill,* 327 Mass. 335, 337-338. *Denied as inapplicable.*

**10.** A finding for defendant is warranted. *Denied as inapplicable.*

**11.** A finding for plaintiff is not warranted. *Denied as inapplicable.*

The court found the following facts:

"I find that the plaintiff, Alden Plumbing, Inc., through one of its officers, Richard J. Morini, had

[1] It is to be noted that **Lodge v. Congress Tax** does not stand for this principle of law.

[2] We assume that the trial justice denied this request as inapplicable.

done plumbing work for Alan R. Brini, owner of premises located at 301 Court St., Plymouth, Mass. I further find that all the plumbing work done by the plaintiff was done in a good and workmanlike manner.

I also find as a fact, that Alan R. Brini, the defendant, was the party with whom the plaintiff contracted, and therefore, is liable for the said amount of $1,624.34."

Plaintiff's requests for rulings were not acted upon.

The report was stated to contain all the evidence material to the questions reported.

The defendant claims to be aggrieved by the denial by the court of his requests for rulings numbered One through Eleven inclusive; that the finding of the court is based on a mistake of law; that the finding of the court is against the evidence; and that the finding of the court is against the law and the evidence.

We determine that the trial court was in error.