PRANSKY SEWING MACHINE CORPORATION *vs.* SHAWMUT BANK OF BOSTON, N.A., & another. March 3, 1982. The action is one to recover the damages sustained by the plaintiff when the defendant bank and an auctioneer employed by it allegedly converted a forklift owned by the plaintiff by selling the same at a public auction of the tangible assets of a bankrupt. The plaintiff has appealed from a summary judgment entered by the Superior Court in favor of both defendants. Mass.R.Civ.P. 56(b) and (c), 365 Mass. 824 (1974). By reason of their respective failures to respond to the plaintiff's eighth request for an admission of fact in any of the ways contemplated by the second sentence of the second paragraph of Mass.R.Civ.P. 36(a), 365 Mass. 795 (1974), it was conclusively established as between the plaintiff and both defendants (Mass.R.Civ.P. 36[b], 365 Mass. 796 [1974]) that the forklift had not been scheduled as an asset of the bankrupt. There was nothing in either of the Regan affidavits or in any of the documents attached thereto which warranted an inference that the bank had ever acquired (or even that it had ever claimed) a security or any other form of interest in the forklift. The factual matters asserted in pars. 2 through 6, 8 through 11 and 13 of the plaintiff's affidavit in opposition to the motion for summary judgment were sufficient to warrant findings of fact that, as between the plaintiff and the defendants, the former had both the title to and the immediate right to possession of the forklift at the time it was sold by the defendants (see *Bacon* v. *George*, 206 Mass. 566, 570 [1910]; *Judkins* v. *Tuller*, 277 Mass. 247, 249-250 [1931]; *Massachusetts Lubricant Corp.* v. *Socony-Vacuum Oil Co.*, 305 Mass. 269, 271, 272, 273 [1940]; *Row* v. *Home Sav. Bank*, 306 Mass. 522, 525 [1940]; *Lane* v. *Volunteer Co-op. Bank*, 307 Mass. 508, 514 [1940]; *Marrs* v. *Barbeau*, 336 Mass. 416, 422 [1957]). The Municipal Court's findings for both defendants were thus deprived of the prima facie effect they would otherwise have enjoyed under G. L. c. 231, § 102C (see *H. Sandberg & Son* v. *Clerk of the Dist. Court of No. Norfolk*, 12 Mass. App. Ct.

686, 687 [1981], and cases cited). None of the cases cited by the defendants (see, e.g., *In re Williams*, 53 F.2d 486, 487-490 [D. Minn. 1931]; *In re Hein*, 60 F.2d 966, 968, 969 [N.D.N.Y. 1931]; *Summe* v. *Chapman Dairy Co.*, 238 F.2d 3, 7 [8th Cir. 1956]; *First Natl. Bank* v. *Cope*, 385 F.2d 404, 406 [1st Cir. 1967]; *In re Woods*, 3 Bankr. Ct. Dec. [CRR] 1326, 1327 [Bankr. S.D.N.Y. Jan. 10, 1978]) nor any which we have found (see e.g., *White* v. *Schloerb*, 178 U.S. 542, 545-546, 547 [1900]; *In re Bellucci*, 9 Bankr. 887, 889, 890 [Bankr. D. Mass. 1981]) stands for the proposition that a plaintiff such as the present (which does not claim as a creditor of the bankrupt) is precluded from maintaining an action for the conversion of its property against defendants such as these (neither of whom is a trustee in bankruptcy or a debtor in possession) merely because the plaintiff has not filed a reclamation complaint in the Bankruptcy Court. The order allowing the motion for summary judgment and the judgment are reversed.

*So ordered.*

*Charles J. Wilkins* for the plaintiff.
*Peter H. Sutton* for the defendants.