Black J.
This is an action commenced June 11, 1981, by the plaintiff Reynolds Aluminum Building Products Company, against the defendants, Albert Leonard and Mary Frances Leonard, for breach of a written contract providing for the installation of a solar hot water heating system in their premises at 43 Lafayette Avenue, Buzzards Bay, Massachusetts. The plaintiff seeks to recover the sum of $3,795, representing the agreed price for the labor and materials called for under the aforesaid contract.
In answer to the complaint, the defendants allege that a solar heating system was installed in their home by the plaintiff, but say that the work was performed in an unworkmanlike manner, and that it never supplied hot water as promised from the utilization of the solar hot water heating system. The defendants further allege that the plaintiff failed to correct any of the defects in the system after having been informed of the same. As a consequence, the defendants deny owing the plaintiff anything.
In counterclaim, the defendants demand that the plaintiff remove the solar heating system and further demand the sum of $750, $250 of which is alleged to represent damage to the roof of defendants’ home and to the decor of one room as the result of faulty installation of the so-called “collectors” in the roof. The remaining $500 is for heating costs incurred as a result of the alleged faulty installation of the solar hot water heating system by the plaintiff.
The court found for the planitiff in the sum of $3,795 together with interest in the amount of $1,322.35 and costs in the amount of $91.51. The court dismissed the defendants’ counterclaim.
At trial, the defendants brought to the attention of the trial judge the fact that the defendants had served several requests for admissions upon the plaintiff which had never been answered.
Those requests are as follows:
1. Admit that you, your agents, servants or employees never applied or made application to the Town of Bourne, its officers, employees or agents for a permit for the installation of the work and materials set forth in Exhibit A of your complaint.
2. Admit that you, your agents, servants or employees never received a permit from the Town of Bourne, its agents or employees for the installation of the work and materials set forth in Exhibit A of your complaint.
3. Admit that after the installation of the work and materials set forth in Exhibit A of your complaint that no inspection of work or materials was made by the Town of Bourne, its agents or émployees.
4. Admit that you advertised that the solar hot water heater system installed for the defendants would provide sixty (60%) percent to eighty (80%) percent of the hot water requirements.
5. Admit that the hot water system installed for the defendants never did provide 60% to 80% of the defendants’ requirements.
At trial, there was evidence tending to show that the plaintiffs agents or employees who did the plumbing work involved in the installation of the solar hot water system in the defendants’ home failed to take out a plumbing permit. *208 A copy of the Commonwealth of Massachusetts’ rules and regulations governing the requirements for such permits was duly admitted into evidence by the defendants. The defendant, Albert Leonard, testified that immediatély after the installation of the solar hot water system he was unable to get hot water from it, and that he complained to the plaintiff about it. A number of visits to the premises was made by representatives of the plaintiff, but according to the defendant, Albert Leonard, the system never produced 60%-80% of his hot water requirements.
The plaintiffs supervisor testified that on January 8,1982, he, together with one of the plaintiffs engineers, visited the defendants’ premises and discovered that the defendants had connected the solar hot water system, intended solely for heating domestic hot water, into a radiator in order to heat one room.
At the close of the evidence, the defendants filed the following requests for rulings, all of which were denied by the.trial judge:
1.Reynolds Aluminum failed to furnish a solar hot water system which they represented would provide (60%) to eighty (80%) percent of the hot water requirements of the Leonards, and therefore Reynolds Aluminum cannot recover in this action.
2. The installation of the solar hot water system without a permit for installation and plumbing was a violation of the state building code and the law, and therefore Reynolds Aluminum cannot recover for the illegal installation of the solar hot water system.
3. On all the evidence and the law, Reynolds Aluminum cannot recover any damages in this action.
4. Plaintiff Albert Leonard in counterclaim can recover for the costs of removing the solar hot water system and for the cost to restore his house to the condition it was in before the installation of. the solar hot water system.
Plaintiff Albert Leonard in counterclaim can recover the difference in value his house was worth before the installation of the system and what it was worth immediately after the installation of the. solar system. .
The'defendants claim to be aggrieved by.the court’s findings and by denial of their requests for rulings.
With respect to requests for admissions, it is clear that under Mass. R. Civ. P., Rule 36, a party failing to answer requests for rulings admits the matters set forth therein, subject to the court’s power to ameliorate the effect of the admission [see SMITH AND ZOBEL, 7 MASS. PRACTICE, RULES PRACTICE, § 36.9 (1975) ]. In this connection, however, Smith and Zobel have noted that, “ [a] feeling underlies the admininstration of Rule 36 that disposing qf cases on admissions is, if not downright unfair, at least a subject which ought carefully to be regulated.” Id., at § 36.10. A trial court may allow a party, even after an explicit admission to withdraw or amend his reponse. Id. The standard to be applied in such situations is whether the withdrawal or amendment will subserve presentation of the merits. It is the burden of the party who obtained the admission to then satisfy the court that the withdrawal or amendment will prejudice him in maintaining his action or defense. Mass. R. Civ. P., Rule 36 (b); SMITH AND ZOBEL at § 36.10. In Silva v. Baker Tractor Corp., Mass. App. Div. Adv. Sh. (1979) 97, 103-104, the Appellate Division quoted with approval language from Pickens v. Equitable Life Assurance Society, 413 F.2d 1390, 1393-1394 (5th Cir. 1969): “[Requests for admissions as to central facts in dispute are beyond the proper scope of the rule." The Pickens court also noted *209 that even if the plaintiffs failure in that case to respond to a Rule 36 request was an admission, it would be grossly unjust to treat it as anything but evidentiary. The failure to respond was clearly inadvertent rather than deliberate. Silva v. Baker Tractor Corp., supra at 104, quoting Pickens v. Equitable Life Assurance Society, supra, at 1393-1394. The principle espoused in these two cases, that admissions going to critical facts in the litigation are beyond the scope of Rule 36, has been strongly criticized by Smith and Zobel. “Both [the Silva and Pickens ] courts confuse the liberality with which a trial judge should view an admission improvidently made . .. with the binding effect which attends an admission fairly made.” SMITH AND ZOBEL at § 36.9 (1983 pocket part). The Appeals Court has accepted as conclusive admissions concerning central facts which were admitted by a party’s failure to respond. Pransky Sewing Machine Corp. v. Shawmut Bank of Boston, N.A., 13 Mass. App. Ct. 960 (1982); Wang Laboratories, Inc. v. Docktor Pet Centers, Inc., Mass. App. Ct. Adv. Sh. (1981) 1332, 1333.
In the case sub judice, the report fails to specify what action the trial judge took as a consequence of the plaintiffs failure to respond to the defendants’ requests for admissions. The report strongly suggests that the trial judge either ameliorated the effect of the plaintiffs failure to respond to the defendants’ requests for admissions or regarded them as inconclusive of the facts in issue. Had the trial judge made an erroneous evidentiary ruling bearing upon our appellate review of these proceedings, it was the defendants’ duty to preserve their right of appellate review of the ruling in accordance with Dist./Mun. Cts. R. Civ. P., Rule 64 (a) by objecting to the ruling, claiming a report and reducing the matter to writing and submitting it to the trial court within five days of the hearing [see Arthur D. Little, Inc. v. Wellington Service Corp., 39 Mass. App. Dec. 207, 213 (1968); Photiou v. Del Sordo, 1982 Mass. App. Div. 251, 252].The report strongly suggests that for whatever reason,.the trial judge refused to regard the facts set forth in the defendants’ requests for admissions as having been conclusively admitted, and the defendants appear to have been well aware of the ruling, since the brief summary of the evidence contained in the report reveals that during the trial the defendants introduced evidence regarding the alleged representations made by the plaintiff that the solar hot water systems would provide 60%-80% of their domestic hot water needs (Report p. 3).
We cannot stress enough that it is the responsibility of an appellant to articulate with sufficient clarity the precise ruling of the trial judge that it is alleged was erroneous and by which the appellant is aggrieved. While the report is that of the trial judge and not of the parties, it is, nevertheless, the primary duty of the appellant to see to it that the report contains all of the information material to the issue being presented on appeal [see Daigle v. Narkun, 48 Mass. App. Dec. 27, 32 (1972)]. We continue to be deeply concerned over the careless manner in which a significant number of reports presented to this court have been drawn and by the failure of such reports to fairly present the question of which review is sought. While we have the authority to remand a report to the trial judge for amendment of the report and return to the appellate division for further consideration [see Burns v. Sawyer, 34 Mass. App. Dec. 67, 70 (1965)], we would regard'this course of action as one that should be used sparingly. Therefore, most appeals will be disposed of based upon the report filed with this court. In this case, the report fails to disclose any error by the trial judge with respect to his handling of'the defendants’ requests for admissions under Mass. R. Civ. P., Rule 36.
Perhaps we should also point out that had the trial judge ruled that the *210 plaintiff was conclusively deemed to have admitted the facts set forth in the defendants’ request for admissions for failure to respond thereto and then made a finding of fact contrary to a fact conclusively admitted, we would regard the situation as analogous to where there is an obvious inconsistency between a ruling and a finding of the trial judge, requiring that the aggrieved party afford the trial judge an opportunity to reconsider the matter either by a written motion to correct the inconsistency or a motion for a new trial as a condition precedent to an appellate divison review of the matter [see Smith v. H.P. Hood and Sons, Inc., 52 Mass. App. Dec. 10, 15-16 (1973), Vieira v. Balsamo, 328 Mass. 37, 39 (1951); National Shawmut Bank v. Johnson, 317 Mass. 485, 492 (1945); Warren Brothers Co. v. Travi, 53 Mass. App. Dec. 141, 147 (1974); Toppi v. Cambridge Motor Inn, 1979 Mass. App. Dec. 306, 310)].
As regards the trial judge’s ruling that the issue of who was to acquire the building or plumbing permit authorizing installation of the solar hot water system was irrelevant to the issues presented in the case, we conclude that he was correct. Even if we assume arguendo that it was the plaintiffs responsibility to obtain all such permits, failure to do so would not render the contract illegal, [see Bucella v. Schuster, 340 Mass. 323, 325-326 (1960); compare Tocci v. Lembo, 325 Mass. 707, 709 (1969) ]. The case the appellant relies on Somers v. Commercial Finance Corp., 245 Mass. 286, 288 (1923), and the cases cited therein, stand for the proposition that certain contracts are illegal when these contracts cause a party to perform an illegal act, or where some kind of governmental sanction must be obtained before the contract is entered into. In this case, the contract was not rendered illegal merely because no permit was obtained after the contract was signed. There is no requirement that a party, prior to signing a construction contract, must obtain the requisite construction-permit. Moreover, in this case there apparently was no language in the contract stating that the contract was contingent on one party or the other obtaining the appropriate permits.
Consequently, we find no error on the basis of the appellate record, as presented to this court. The report is dismissed.