Shubow, J.
This is an action of “tort and contract” in which a foreign airline has sued an incorporated travel agency and also its sole stockholder, manager and employee individually. The individual defendant issued three checks on the account of the corporation which were dishonored for insufficient funds after the airline had issued tickets for use by travellers which were in fact used for overseas travel. Summaryjudgment issued against the travel agency. After trial, the court found in favor of the airline against the individual defendant for the total sum of the checks.
Maiato, the individual defendant, has sought review on two grounds, the first that the plaintiff failed to show that it had “capacity, standing or right to sue in the Commonwealth of Massachusetts.”
On this issue, we are satisfied that the trialjudge was correct. He found that “the plaintiff was a foreign corporation, engaged solely in interstate commerce” and ruled “that it cannot be precluded from commencing action in this states (sic) court,” citing Goodwin Brothers Leasing, Inc. v. Nousis, 373 Mass. 169, 174-175 (1977). The defendant argues in his brief “As no evidence was admitted by either party on the issue of plaintiffs standing, capacity or legal existence, the defendant says that upon all the evidence one cannot say just what the plaintiff is.” We do not have the evidence before us. This case shows the importance of following the form for Reports (Form 33, Appendix of Forms, appended to Dist./Mun. Cts. R. Civ. P.) which provides that a clear and concise statement of the pertinent evidence, including documentary evidence, be included. Likewise, the report omits the necessary legend “This report contains all the evidence material to the questions reported.”
Moreover, Dist./Mun. Cts. R. Civ. P. Rule 9(a) provides
When a party desires to raise an issue as to the legal existence of any *41 party or the capacity of any party to sue or be sued or the authority of a party to sue orbesuedina representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.
It follows that whether we assume the trial court’s dispositive finding rested upon the available evidence or that the defendant failed to sustain its procedural burden of pleading, there was no error in rejecting the defendant’s position on corporate status and capacity. Moreover, the defendant has not raised or argued in his brief the potential effect of G.L. c. 181, § 3, as abarrierto access by the plaintiff to our courts and we, therefore, do not consider it despite the judge’s finding to the effect that the plaintiff was “doing business” in the City of Boston.
The second ground relied upon by the appellant is more troubling. The individual defendant requested a ruling that if he signed the checks in a representative capacity he is not personally liable. G. L. c. 106, § 3-403(2)(b). The judge specifically found that the defendant was the only person who wrote checks and made deposits for the corporate travel agency, that the three checks in issue were executed by the defendant “on an account of Maiato ’ Travel Center, Inc.” and that “ [t]he said checks were signed by the defendant in a representative capacity.”
The conflict between the ruling and the finding is obvious. The defendant duly called the conflict to the attention of the trial judge by a Motion to Amend Judgment which asserted in part “4. The Judgment is inconsistent with the rulings of law and findings of fact made by the Court.” The court’s only action was to deny the motion without explanation. We are not prepared, however, although recognizing the inconsistency, to order judgment for the defendant. While as a matter of negotiable instruments law, the defendant’s position may be sound[3] there were other findings which arguably could and did lead to the finding against the individual defendant. These findings include the following: the defendant kept charge of the books and records of the defendant corporation, was its president, general manager and sole employee; he knew the amount of funds in the checking account of the agency and “had actual knowledge at the time that the airline tickets were purchased that there was insufficient funds in the checking account of Maiato Travel Center, Inc., to cover said checks,” and that the defendant did not intend to pay for said tickets at the time of purchase. A further finding appears incomplete but strongly suggestive of wrongful conduct on the part of the defendant: “ 16. As a result of the issued checks, known to be drawn on account with insufficient funds.”(sic)
These findings would support the imposition of individual liability for fraudulent misrepresentation. Compare Appleby v. Wallins, 336 Mass. 36, 38 (1967), and Hanson v. Bradley, 298 Mass. 371, 382 (1937) with Rice v. Price, 340 Mass. 502, 507 (1960). See, also, Commonwealth v. Beneficial Finance Company, 360 Mass. 188, 290 (1971).
Strictly speaking, the defendant has not fully met his obligation to “articulate with sufficient clarity the precise ruling of the trial judge that it is alleged was erroneous” nor seen to it “that the report contains all of the information *42 material to the issue [s] being presented on appeal... ” Reynolds Aluminum Building Products Company v. Albert Leonard et al., 1984 Mass. App. Div. 206, 209. On the other hand, we believe that the defendant was entitled to more than a naked denial of his “Motion to Amend Judgment” which we deem to be a motion to correct an inconsistency between thejudge’s ruling and finding. See Alden Plumbing & Heating Inc. v. Brini, 59 Mass. App. Dec. 1, 7 (1976). The judge has not expressed his grounds for denying the motion, although we recognize he was not called upon to do so by carefully framed requests for rulings. While we are satisfied that the defendant cannot be held liable as a matter of contract law in the face of the findings of the trial judge, the question of tort liability, as suggested, is a different matter. We have not been favored by anything in the report indicating what were the allegations of the plaintiff so far as they sound in tort. Nor has there been any argument by either party on the issue of liability for deceit, though the facts relevant on that issue appear to have been found in part at least.
Accordingly, reluctant as we are to do so, we conclude there has been reversible error and remand the case to the trial court for new trial (or, if the parties feel that all the pertinent evidence has been proferred) for determination limited to the issue of liability in tort. In summary, we conclude the judge was correct in his ruling on capacity to sue, incorrect to the extent he held the defendant liable on his promise to pay by check, and unclear as to whether he was holding the defendant answerable in tort. The remand is to resolve that ambiguity. See Daigle v. Narkun, 48 Mass. App. Dec. 27, 32 (1972). See G. L. c. 231 § 110.

The defendant’s brief does not cite a single case on the issue and comes perilously close to bringing into play the principle that an argument not briefed is deemed waived. The rule provides [64 (f)] “The appellate division need not pass upon questions or issues not argued in briefs ” See the cognate rule appearing in Rule 16(f) of the Rules of Appellate Procedure. See Manchester v. Department of Environmental Engineering, 381 Mass. 208, 214 n. 7 (1980). The plaintiff, in its brief, confined its argument solely to the issue of its capacity as a party.