*Municipal Court of the City of Boston*
No. 24630

**RUTH E. CLIFTON**

v.

**BEATRICE P. WEEKS, EXEX.**

(January 24—March 30, 1964)

*Present*: Gillen, J. (Presiding), Lewiton & Canavan, JJ.

Case tried to *Adlow*, *C.J.*

*Canavan, J.* This is an action of contract for money had and received on an account annexed brought by the plaintiff against the goods and estate of Sarah E. McKenzie, in the hands of Beatrice P. Weeks, Executrix, under the will of Sarah E. McKenzie. The defendant's answer sets up defenses of: (1)

general denial; (2) statute of frauds; and (3) statute of limitations.

*At the trial there was evidence tending to show that* the plaintiff is a public school teacher and a sister to the defendant and to the deceased, Sarah E. McKenzie, and is a resident of Norfolk, Virginia.

In *August of* 1955 the plaintiff visited the deceased, Sarah E. McKenzie, in Boston. The deceased at the time owned a house at 19 Savin Street, Roxbury, Massachusetts, where she resided. There was a mortgage on this house running to the Charlestown Savings Bank.

The deceased told the plaintiff of her financial condition and asked the plaintiff to help her. The plaintiff agreed, and further agreed to assume the mortgage payments to the Charlestown Savings Bank. Thereafter, mortgage payments were made to the bank by the plaintiff in the total amount of $1,094.71.

In *December of* 1956 the deceased, who was then ill, went to Norfolk, Virginia to stay with the plaintiff, and the plaintiff paid $337.22 for transportation of the personal property of the deceased from Boston to Virginia. Sarah E. McKenzie died in Norfolk, Virginia, on *August* 11, 1958. Subsequently, the plaintiff took out administration in Virginia, and was appointed administratrix of the estate of Sarah E. McKenzie in Virginia.

The cost of the funeral of the deceased was $1,070, and the plaintiff, as administra-

trix withdrew from the account of the deceased at the Boston Five Cent Savings Bank the sum of $731.71, which amount was paid by the plaintiff towards the funeral bill.

Subsequent to the plaintiff's being appointed administratrix in Virginia, the will of Sarah E. McKenzie was discovered, and said will probated in Suffolk Probate Court, Boston, Mass. The plaintiff was named co-executrix under the will with the defendant. The will was allowed on *October* 1, 1959, and prior thereto, the plaintiff declined to act as co-executrix therein and the necessary papers relating to her declination were executed by her and filed in Suffolk Probate Court. The bond of the executrix, Beatrice P. Weeks, was examined and approved by the Probate Court on *October* 8, 1959. It is to be noted that the date of the writ in the instant action, was *April* 25, 1960, but neither the plaintiff nor the defendant offered the date of the writ in evidence, nor was any question raised as to said date at the trial. The defendant was the sole remaining executrix under the will. In *February of* 1959 the defendant moved into said premises located at 19 Savin Street and still is an occupant thereof.

At the close of the trial and before final arguments, the defendant made the following requests for rulings, and the court's disposition thereon follow:

"1. The court is warranted in finding that the plaintiff was appointed administratrix of the

estate of Sarah E. McKenzie in the State of Virginia. *Allowed.*

2. If the court finds that the plaintiff was appointed administratrix of the estate of Sarah E. McKenzie then the court must find that the plaintiff has not complied with G. L. c. 197, §6. *Denied.*

3. If the plaintiff has failed to comply with G. L. c. 197, §6, she as administratrix as a matter of law, cannot prevail in the instant cause, and the court must find for the defendant. *Denied. See Findings of Fact.*

4. The law of a foreign state shall be deemed the same as the law of Massachusetts unless evidence to the contrary is offered and received. *Allowed.*

5. The court must find that no evidence has been offered by the plaintiff that the law of Virginia relative to this cause or relative issues, is different than the law of Massachusetts. *Allowed. See Findings of Fact.*

6. The court must find that the plaintiff declined as co-executrix of and under the Will of Sarah E. McKenzie. *Allowed.*

7. 'One who has been an executor and resigned his trust cannot maintain a suit in law or equity . . . . to recover a debt due him from the estate, but his remedy is in the settlement of the account of administration in the Probate Court.' *Allowed. The plaintiff was at no time appointed Executrix in this Commonwealth.*

8. The court must find as a matter of law that the claim of the plaintiff on file in the Probate Court is 'too vague and indefinite' to be

enforced. *Inapplicable. See Findings of Fact.* ..

9. The burden of proving that the defendant is the duly appointed executrix of the estate is upon the plaintiff. *Denied. See Findings of Fact.*

10. The court is warranted in finding that the plaintiff has failed to prove that the defendant is the duly appointed executrix of the said estate. *Denied. See Findings of Fact.*

11. The burden of proof is upon the plaintiff to prove that the cause of action was brought within the statutory period permitted. *Allowed.*

12. The court is warranted in finding that the plaintiff has failed to sustain the burden of proof referred to in request ‡11. *Denied. See Findings of Fact.*

13. The court must as a matter of law find that the plaintiff has failed to sustain the burden of proof as set forth in request ‡11. *Denied. See Findings of Fact. See court's leave to amend the Declaration.*

14. The court must find that the plaintiff's Declaration is on a common count for Money Had and Received. *Denied. See Findings of Fact. See court's leave to amend the Declaration.*

15. The court must as a matter of law find that the evidence of the plaintiff is that she paid money to the use of the deceased, Sarah E. McKenzie. *Allowed.—Except as to items Nos. 6-8, in the account annexed of the plaintiff's Declaration.*

16. If the court finds as indicated in interrogatory ‡14 and ‡15, the court must find that there is a *variance* between the pleading and the proof. *Denied; unintelligible.*

17. If the court finds that there is a variance between the pleading and the proof, the court must find for the defendant. *Denied.*

18. The court must as a matter of law find that there is a variance between the pleading and the proof and must find for the defendant. *Denied.*

19. The court is warranted in finding that the plaintiff cannot account for the rents and profits collected on or behalf of her. *Warranted, but not required.*

20. If the court finds that the plaintiff expended funds in excess of the rents and profits collected by her, the court is warranted in finding that the plaintiff expended said sums in excess of her authority and/or powers. *Warranted, but not required.*

21. If the court finds as referred to in request ‡20, the court must find for the defendant. *Denied; unintelligible.*

22. The court must find that the plaintiff was a sister of the deceased. *Allowed.*

23. The court must find that if the plaintiff expended sums in excess of the rents and profits received, and that she was the sister of the deceased, Sarah E. McKenzie, that the court must find that such expenditures made as a close relative are presumed to be made by way of a gift. *Denied. Presumption may be rebutted. See Findings of Fact.*

24. The court must find as a matter of law that the presumption of a gift must be overcome by sincere and convincing evidence to the contrary. *Allowed.*

25. The court must find as a matter of law

that the plaintiff has not strictly complied with the law relative to taking, offering and admissibility of deposition. *Denied.*

26. The court must find that the receipts and/or bills filed with the answers to written interrogatories intended to be propounded by way of deposition, are not admissible in evidence. *Denied. Receipts and bills were introduced in evidence.*

27. The burden of proof is upon the plaintiff and she must prove by a preponderance of the evidence, *i.e.,* (her case). *Allowed.*

28. The court is warranted in finding that the plaintiff has failed to sustain her case by a preponderance of the credible evidence. *Warranted, but not required.*

29. As a matter of law the court must find for the defendant. *Denied.*

30. The court is warranted in finding for the defendant. *Allowed. Warranted, but not required.*"

"The court made the following findings of fact:

"I find as a fact that the plaintiff made expenditures for and in behalf of her deceased sister, Sarah E. McKenzie. I find that the plaintiff made the payments with the expectation of being reimbursed therefor. I further find that the plaintiff qualified as Administratrix of the Estate of Sarah E. McKenzie in the State of Virginia, in order to obtain the proceeds of a bank account standing in the name of Sarah E. McKenzie, which proceeds amount to $731.71, and which moneys were

paid by her on account of funeral charges.

I further find that the plaintiff at no time was an administratrix of the Estate of Sarah E. McKenzie, in this Commonwealth, nor was she an Executrix, and consequently is not bound by the provisions of G. L. c. 197, §6.

I find that the plaintiff has not sustained the burden of proof by a fair preponderance of the evidence with reference to items 6 and 8 of the account annexed. I find that the payment made by the plaintiff for flowers was personal and not chargeable to the Estate of Sarah E. McKenzie.

I further find that "liability" for payment of a monument is not a payment therefor, and consequently the plaintiff cannot recover the amount claimed under item 8 of the account annexed.

I find for the plaintiff and assess damages in the sum of $1,627.99."

The plaintiff, with permission of the court, amended her declaration by striking out the words "money had and received", so that the declaration would set forth a count on an account annexed.

The court found for the plaintiff in the sum of $1,627.99.

The defendant, claiming to be aggrieved by the court's denial of requests for rulings numbered 2, 3, 9, 10, 12, 13, 14, 16, 17, 18, 21, 23, 25, 26, and 29, also claims to be aggrieved by the finding for the plaintiff.

Requests for rulings numbered 2 and 3

alleges that the plaintiff has not complied with G. L. c. 197, §6 and therefore the court must find for the defendant.

It is the defendant's contention that the plaintiff having qualified as administratrix in Virginia under Virginia law, for the purpose of withdrawing a bank account to apply towards funeral expense, she is barred from maintaining an action of law against the estate in accordance with said statute.

The plaintiff had been named as a co-executrix under the will of Mrs. McKenzie, but she declined to serve as co-executrix and filed her declination before the will was allowed by the Suffolk Probate Court.

At no time, as the presiding justice pointed out in his findings, was she executrix or administratrix under Massachusetts law. G. L. c. 197, §6, applies only to one appointed an administratrix or executrix in Massachusetts.

It is settled law that the appointment of an administrator in one state confers no power beyond the limits of that state, and does not authorize him to maintain any suit in the courts, state or national, held in any other state. *Goodwin v. Jones,* 3 Mass. 513; *Brown v. B & M RR.,* 283 Mass. 192.

Since the plaintiff was never appointed an executrix or administratrix in Massachusetts, she had no opportunity or power to assert her claim against the estate as part of any accounting by the executrix in the Massachusetts Probate Courts.

■ G. L. c. 197, §6 was not intended to preclude a person who was unable to recover under an accounting as a foreign executrix or administratrix from bringing an action at law against the domestic executrix.

The defendant in open court waived any question as to the court's denial of requests for rulings numbered 9 and 10.

■ Requests for rulings numbered 12 and 13 allege the plaintiff has failed to sustain the burden of proof as to compliance with the Statue of Limitations. The defendant argues that the plaintiff did not sustain its burden of proof as to compliance with the Statute of Limitations, because at the trial the plaintiff did not formally offer in evidence the date of the writ. We have no doubt that the presiding judge was entitled to take judicial notice of the date of the writ in the case that was being tried before him. In the matter of *Keenan,* 314 Mass. 544; *Wilson v. Calculagraph Co.,* 153 Fed. 961; *Assessors v. Arlington Mills,* 320 Mass. 272.

■ The denial of requests for rulings 14, 16, 17 and 18 are rendered immaterial by the court's having allowed the plaintiff leave to amend her declaration, which she did.

The allowance of a motion to amend a declaration is within the discretionary power of the presiding judge. As to the denying or allowing a motion to amend the writ, declaration or answer, and determining the state of the trial at which an amendment shall be allowed, see: *Lowrie v. Castle,* 225

Mass. 37, 39; *Norton v. Lilley,* 214 Mass. 239; *Laxton v. Hay,* 211 Mass. 463.

Requests numbered 25 and 26 relate to the court's rulings on the admission or exclusion of evidence.

■ G. L. c. 231, §108, as amended, provides in part that when, in a cause brought in the Municipal Court of the City of Boston, the objection is to the admission or exclusion of evidence, a claim for a report shall be made known at the time of the ruling and shall be reduced to writing and filed with the Clerk in the Municipal Court of the City of Boston, within *two days* after the hearing of all evidence.

The plaintiff has failed to preserve her rights by failing to file a written claim of report within the time allowed by statute.

*Report dismissed.*

Robert L. Meade and William R. Granik, both of Boston, for the Plaintiff.

Milton Schwartz, of Boston, for the Defendant.