*Municipal Court of the City of Boston*

No. 160970

## JORDAN MARSH COMPANY

v.

## EDWARD F. KILLION

(Argued: Oct. 9, 1967 — Decided: Jan. 3, 1968)

*Present:* Adlow, C.J., Gillen, Glynn, JJ.

Case tried to *Gorrassi, Sp. J.*

GLYNN, J. This was an original action in contract in which the plaintiff sought to recover the sum of $94.15 for merchandise sold and delivered to the defendant. There was a

trial on the merits. The case was reserved and on June 15, 1967 the court found for the defendant. The plaintiff did not file any requests for rulings. This is a petition to establish a report under Rule #32 of the Boston Municipal Court.

Within the allotted time the plaintiff filed a motion for new trial. At the hearing on this motion, the plaintiff filed a request for a ruling as follows:

> "A finding that is inconsistent with a voluntary ruling by the court at the close fully tried and argued, that the plaintiff has proved its case by admission or otherwise, is against the evidence and the law, and to prevent a miscarriage of justice, a new trial is required."

The court denied the motion and as to the requested ruling the trial judge stated "No such evidence.", whereupon the petitioner filed a draft report claiming to be aggrieved by this ruling.

The trial judge disallowed the draft report, stating that the statement that the petitioner alleges the court made was not true.

A copy of the draft report was attached to the petition to establish a report. Having in mind that this was the draft report of the petitioner, from a reading of the draft report it is sufficient to say that on all the facts stated therein, the trial judge was warranted in his finding for the defendant.

The only issue is whether or not the petitioner is entitled to have his petition allowed

on the allegation that the court made the voluntary ruling.

The only evidence of the ruling being made by the court is the statement of the attorney for the petitioner. As against that there is the fact that the trial judge found for the defendant, after having taken the case under advisement.

The facts alleged in a petition to establish a report are not to be assumed to be true. They must be proven to be so by the petitioner. *Burick* v. *Boston Elev. Railway,* 293 Mass. 431. *Homes Corp.* v. *Winthrop Sq. Cafe,* 335 Mass. 152.

**The petition to establish the report is herewith denied.**

Angus McLean
of Boston, for the Petitioner
Robert D. O'Leary
of Boston, for the Respondent