*Northern District*

No. 7939

## PEABODY ACTION REALTY, INC.

v.

## FRANCIS J. FALKOWSKI, JR.

Argued: Dec. 14, 1972 - Decided: Jan. 22, 1973

*Present:* Flaschner, P.J., Bacigalupo, and Mason, JJ.

Case tried to *Woods, J.* in the District Court of Southern Essex. Date of Finding or Decision appealed from: April 11, 1972. Docket number: 283 of 1972.

**Mason, J.** This is a petition to establish a report from a draft report which was disallowed for the reasons that:

1. The questions claimed to have been excluded in Case No. 2217 of 1971 do not conform to the truth.

2. The plaintiff in case No. 283 of 1972 claimed a report on the court rulings of requests 3 and 4, but now claims by draft report to be aggrieved by the court's ruling of requests 1, 2, 3, 4, and 5.

3. The draft report does not conform to Rule 28 of the District Court nor the draft report model in that neither of the court's two special findings are incorporated within the draft report.

The petition to establish the report complies with the requirements of Rule 30 of the Rules of the District Courts.

Examination of the docket entries shows no motion to consolidate case number 283 of 1972 and case number 2217 of 1971. The several actions were tried together as they were between the same parties growing out of the same transaction.

They did, however, continue to be separate in character with individual docket entries and findings, requiring the entry of separate judgments. Judgment having been entered in case number 2217, we proceed on the petition to establish a report in case of *Peabody Action Realty, Inc.* v. *Francis J. Falkowski, J,* number 283 of 1972.

The claim of report and draft report requested by the plaintiff is to the denial of requests for rulings numbered 3 and 4, and in excluding the question numbered 1, 2, 3, 4, and 5 as set forth. There is no allegation that the plaintiff is aggrieved by other than the court's rulings on requests numbered 3 and 4.

The allegation of a non-conformity to the truth relates to a series of five questions excluded by the trial justice in the instant action.

At the hearing before this Division it was established that a memorandum of the questions excluded was in the possession of the trial justice and that the petitioner's presentation of the questions were accurate and com-

plete to its best knowledge subject only to verification by the memorandum in the possession of the trial justice.

The opportunity now available as a result of the promulgation of Rule 46 of the Rules of the District Court (effective June 1, 1972) should assist both trial counsel and trial justices in settling future reports.

 The draft report incorporates by reference and attachment, the special findings of the trial justice. The trial justice may order the party requesting the report to prepare a copy as settled in forms similar to the draft report model and submit the same to him for formal allowance within such time as he may fix, and failure to comply with this order shall be sufficient grounds for disallowing the claim of report.

 While provisions of statutes and rules of court regulating appellate procedure are construed strictly, *Famiglietti* v. *Neviackas,* 324 Mass. 70, 72 and failure to comply is fatal to the right to prosecute an appeal, *Murphy* v. *William C. Barry, Inc.,* 294 Mass. 94, 97, it is not contemplated in these rules that the trial justice, who has the power to amend, alter or change the draft report as to form before it is settled as his report, should deprive litigants from their right under G.L. c. 231, § 108. Substantial conformity to the model draft report requires judicial and procedural fairness in the appellate process. A draft re-

port is in the nature of a pleading and our courts have long abandoned the notion of strict adherence to pleadings when to do so would give preference to form over substance. *Knowles* v. *Gilchrist Company*, 1972 AS 1783, 1791.

Rule 28 provides that draft reports "shall generally as fully as may be" follow the model as printed. Draft reports should conform as nearly as possible to the model in order that a degree of uniformity be obtained in presenting matters before Appellate Divisions. Although the rule places the burden of preparing a draft report upon the requesting party, the report is, nevertheless, that of the justice who heard the case. *Perry* v. *Hanover*, 314 Mass. 167, 168, 169.

The report is adopted as set forth except that the five questions on page 4 are to be reworded, in accordance with the memorandum filed with the trial justice, and all references to case number 2217 are to be deleted.

As so amended, the report is hereby established.

TIMOTHY J. O'KEEFE
 for Petitioner

PETER F. DAVIS
 for Respondent