*Southern District*

# No. 136

# MARK SPERBERG[1]

## v.

# ALLSTATE INSURANCE COMPANY

Argued: March 17, 1976. Decided: June 9, 1976.

---

[1] The plaintiff's action was amended and brought in the name of Howard S. Sperberg, Administrator of the estate of Mark Sperberg.

Case tried to *Steele, J.,* in the District Court of Dukes County. Number: 878.

Lee, P.J.; Welsh, J.; Appellate Division Sitting at: Fourth District Court of Bristol (Attleboro).

**Lee,** *Presiding Justice.* This petition to establish a report arises from an original action of contract brought under the provisions of Massachusetts G.L.c. 90, §34-0 (No Fault Insurance Act).

In that action, the plaintiff sought to recover double damages, attorney's fees and costs from the defendant for its failure to make payment within fifteen days after receipt of reasonable proof that the plaintiff was a policy holder, an accident occurred and the amount of damages sustained by the plaintiff's motor vehicle.

The plaintiff alleged performance by himself, but a failure of the defendant to comply with the statute.

The answer was a general denial.

The particular section of the statute (G.L.c. 90, §34-0) is option one (1) which states in essence that the insurer shall pay to the insured for accidental loss of or damage to the insured vehicle, subject to a deductible of one hundred dollars, up to a limit equal

to the actual cash value, caused by collision of the insured vehicle and another vehicle. Benefits under this coverage are payable without regard to negligence, comparative negligence, gross negligence or fault of any kind.

The statute further states that payment under this option shall be due and payable within fifteen (15) days after receipt by the insurer of reasonable proof (a) that the claimant is, in fact a policy holder, (b) that an accident occurred and (c) that the loss or damage resulted in the amount claimed. If the insurer fails to pay, the insured may bring an action in contract for payments claimed to be due. If the court determines that the insurer was unreasonable in refusing to pay said claim, the claimant shall be entitled to recover double the amount of damages claimed, plus his costs and reasonable attorney's fees fixed by the court.

There was a trial on the merits, but no requests for rulings of law were submitted to the court.

The court made no special findings of fact, but found for the plaintiff in the sum of Ten thousand fifty dollars ($10,050.00); one-third of this sum was designated as attorney's fees.

The defendant duly claimed a report and filed a draft report.

After a hearing on the draft report, the trial justice disallowed it with a written statement as to his reasons for disallowance.

The material part of that statement is as follows: ". . . . . the plaintiff presented credible evidence in support of all the elements required by Massachusetts General Laws, Chapter 90, Section 34-0; that no requests for rulings of law were filed by either party; that the defendant's draft report raised no material questions of law and is inconsistent with the facts found at the trial."

There was no error. The petition to establish a report must be denied for the following reasons:

It is provided in Rule 4c, District Courts Rules of Civil Procedure, 1975, that a petition to establish a report must be accompanied by an affidavit of the party or his attorney setting forth in full his request for such report and all of the facts material thereto. There is no such affidavit in this case.

Further, the report must state that it contains all the evidence material to the question reported.

See Form 33 "Draft Report Model", District Courts Rules of Civil Procedure, 1975. See also *Burbank v. Farnham,* 220 Mass. 514, 517 (1914).

There is no such statement in this report.

The petition must be also denied for the reason that in order to preserve the right to review questions of law, there must be requests for rulings of law. *Reid v. Doherty,* 273 Mass. 388, 389 (1930). *Sreda v. Kessel,* 310 Mass. 588, 589 (1942).

Lastly, the petition to establish must fail, because even if it were established, it would present no substantive question of law to be reviewed. *Henry L. Sawyer Co. v. Boyajian,* 298 Mass. 415, 416, 417 (1937).

This court is confined to a review of questions of law and has no right to review findings of fact made by the trial justice. Massachusetts General Laws, Ter. Ed., Chapter 231, Section 108. *Butler v. Cromartie,* 339 Mass. 4, 6 (1959). *Perry v. Hanover,* 314 Mass. 167, 169 (1943).

**The petition to establish a report is denied.**