Inc."

So ordered.
Rider, J.

NEW ENG. REHAB. HOSP., INC.
vs.
Virginia R. HORGAN & another[1]

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

July 11, 1980

[1]Richard F. Horgan.

John J. Veysey for the plaintiff.
Patrick T. Clooney for the defendant.

Present: Cowdrey, P.J., Flynn* & Zoll, JJ.

COWDREY, P.J. This is a petition to establish the defendants' draft report which was dismissed by the trial court.

The docket entries, petition and attached draft report reveal the following: This action was commenced in contract to recover for services rendered by the plaintiff. During the course of the trial, the defendant seasonably objected to the admission into evidence of certain business records on the basis of a lack of a proper foundation for the same. Specifically, the defendants challenged the trial court's alleged failure to enter a preliminary determination, in accordance with G.L. c. 233, s. 78, that such records had been made in "good faith." The objection was overruled, and the defendants claimed a report.

Requests for rulings of law were submitted by both parties on May 8, 1979. Judgment for the plaintiff was entered on May 18, 1979. In response thereto, the defendants filed a request for a report and a draft report on May 23 and May 26, respectively. On May 29, 1979 the trial court dismissed the defendants' draft report for failure to comply with Dist./Mun. Cts. R. Civ. P. 64(c)(2).

On June 2, 1979 the defendants filed a request for a report on the trial court's order of dismissal. Said request was denied by the trial court on July 10, 1979, and the defendants thereafter submitted the present petition to establish.

The defendants have failed to comply with the mandatory Dist./Mun. Cts. R. Civ. P. 64 provisions governing an appeal to this Division, and their petition must accordingly be denied.

1. The "denial" of a request for a report or a draft report is tantamount to the dismissal of the same. Hart v. Keoveney, Mass. App. Div. Adv. Sh. (1980) 139, 140; Lowe v. Brownville, 56 Mass. App. Dec. 155, 157 (1975). It is clear that the trial court's July 10, 1979 denial of the defendants' request for a report constituted an order of dismissal predicated on the defendants' disregard of the ten-day filing requirement for draft reports set forth in Rule 64(c)(1)(ii). Although the defendants seasonably filed a request for a report on June 2, 1979, they neglected to submit an actual draft report within ten days of the trial court's order of dismissal.

The proper procedural vehicle to test the validity of an order dismissing a draft report is a claim of report and draft report thereon, and not a petition to establish. Dist./Mun. Cts. R. Civ. P. 64(c)(6); Meyer v. Hooker, 51 Mass. App. Dec. 142, 147 (1973); The Connecticut Bank & Trust Co. v. Phaneuf, 37 Mass. App. Dec. 196, 198 (1967). As the defendants' draft report was dismissed, there is presently no report on file in the trial court that can be established upon petition by this Division. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976); Farrar v. Hupper, 59 Mass. App. Dec. 91, 92 (1976).

2. The defendants are, in any event, not entitled to the appellate review they now seek. The sole question of law posited for review in the defendants' draft report is the trial court's allegedly improper admission of certain business records into evidence. The defendants must be held, however, to have waived their objection to this evidentiary ruling by their failure to adhere to the procedural requirements of Dist./

---

*The Honorable Maurice R. Flynn, Jr., participated in the hearing and post-hearing conference on this case, but passed away prior to the promulgation of this Opinion.

Mun. Cts. R. Civ. P. 64(a). Said rule states, in relevant part:

> "When an objection is made to a ruling on the admission or exclusion of evidence, a request for a report shall be made at the time of the ruling and shall be reduced to writing and filed with the clerk within 5 days after the hearing of all evidence."

The "hearing of all evidence" was concluded in the instant case on May 8, 1979 on which date both parties submitted requests for rulings of law.[2] The defendants' draft report was not filed, however, until May 26, 1979. The defendants' non-compliance with the mandatory five-day filing period of Rule 64(a) is fatal to their appeal of the evidentiary ruling in question. There was thus no error in the trial court's dismissal of the defendants' draft report. **Walsh v. Block,** 50 Mass. App. Dec. 22, 23-24 (1972); **Arthur D. Little, Inc. v. Wellington Serv. Corp.,** 39 Mass. App. Dec. 207, 213 (1968); **Clifton v. Weeks,** 28 Mass. App. Dec. 123, 134 (1964).

<div align="right">

Petition denied.
Cowdrey, P.J.

---

[2]Requests for rulings must be submitted "before the beginning of any closing arguments, unless special leave is given to present requests later...," Dist./Mun. Cts. R. Civ. P. 64(b), and thus subsequent to the "hearing of all the evidence."