## O'CONNOR LUMBER COMPANY, INC.

### vs.

## William M. BURNS, d/b/a MERRICK BUILDERS

### No. 322

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**February 22, 1982**

**Gerald A. Denmark,** counsel for plaintiff.

**Jonathan B. Hunt,** counsel for defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield in the county of Hampden upon Report from the Western Hampden Division and argued by counsel for both parties.

It is hereby

ORDERED: That the Clerk of the Western Hampden Division make the following entry in said case on the docket of said Court, namely: No prejudicial error having been found, judgment affirmed. Report Dismissed.

Opinion filed herewith

A true copy, Attest:

William T. Walsh, P.J.
Mel L. Greenberg, J.
Bernard Lenhoff, J.
Robert E. Fein,
Clerk, Appellate Division

## OPINION

**Lenhoff, J.** The plaintiff corporation seeks to recover money due it from the defendant for lumber and building supplies on an account annexed in Count I of its complaint; and, for goods sold and delivered in Count II thereof, the money sought on each count being in the sum of $10,695.95.

The defendant's answers denies the material allegations of the complaint and sets forth affirmative defenses (I) that there was no written memorandum of agreement, (II) no acceptance or receipt of some or all of the goods nor any part payment therefor, (III) a denial of any obligation by the defendant for the debts of another; and, (IV) payment.

At the trial, the plaintiff presented the testimony of only one witness. The evidence pertaining to the issue or issues to be determined revealed the following:-

The plaintiff possessed documents consisting of invoices with attached order slips reflecting items sold by the plaintiff and alleged to have been purchased by the defendant. All the invoices were made in the defendant's name "William M. Burns d/b/a Merrick Builders". All the lumber and material sold by the plaintiff covered by the invoices had been delivered to various job sites or had been picked up. A statement made out in the defendant's name was dated July 23, 1977 and covered twenty-six (26) separate sales and credit invoices between December 21, 1976 through January 28, 1977, the total of the invoices being in the sum of $9,432.05 plus $1,263.90 in late payment charges; which, in combination, amounts to $10,695.95. A copy of a letter dated February 6, 1976 from the plaintiff mailed to the defendant at 50 Merrick Avenue, Holyoke was introduced in evidence in which there was a reference to a past due balance with a request that a credit application be completed. (The trial justice stated that said copy was so introduced not for its contents but to indicate a prior, continuing business relationship of the parties.) On April 2, 1976, Merrick Builders **Corp.** (emphasis added)

filed with the plaintiff an "application for credit" signed "William M. Burns, Pres. Treas". The filed application disclosed under the general subjects Jobs Presently in Progress the general contractor as being "Merrick Builders".

The trial justice also took note of the return of service of the deputy sheriff that 50 Merrick Avenue, Holyoke address was the address at which said deputy sheriff served in hand "William M. Burns" on September 8, 1977. There was no formal introduction thereof in evidence by the plaintiff.

There were photocopies of three (3) checks of Merrick Builders Corp., dated during the period April 26, 1976 through September, 1976, each payable to the plaintiff; and, an original check dated May 13, 1977 that had been returned to the plaintiff marked "Insufficient Funds". All these checks had been signed "William M. Burns, Pres. Treas.". The checks that cleared were all credited to the Merrick Builders account held by the plaintiff.

On or about December 12, 1976, the plaintiff received a check in the sum of $9,000.00 signed by William M. Burns and Mary F. Burns. This check came from a law office with a cover letter referring to "our agreement".

Although the plaintiff had done business with the named defendant for seven (7) or eight (8) years, the sole, testifying witness for the plaintiff never personally met or spoke to the named defendant, face to face or on the telephone. At no time did said witness identify anyone at the trial as "William M. Burns" nor was "William M. Burns" called as a witness by the plaintiff.

At the conclusion of the testimony of the plaintiff's only witness, the plaintiff rested. The defendant orally moved that the case be dismissed, contending that such dismissal was in order because there was a lack of identification of the defendant with whom the plaintiff claimed it had done business. The trial justice denied said motion, after which the defendant rested. Both parties to these

proceedings were granted additional time to file requests for rulings and memoranda of law. The defendant seasonably filed the following requests:-

1. On all the evidence, a finding for the Defendant is warranted.

2. On all the evidence, a finding for the Plaintiff is not warranted.

3. On all the evidence, a finding is not warranted that the Defendant is the same person with whom the Plaintiff claims to have done business and the same person who owes the Defendant (sic) money as alleged in the Plaintiff's complaint.

The trial justice, thereafter, filed written "Conclusions of Law and Fact" stating therein "this is not a case of bald identity without confirmatory facts;" and, he found for the plaintiff in the sum of $10,695.95 on each count of the complaint, limited to one recovery. Also, the trial justice denied the defendant's Requests for Rulings 1 through 3, inclusive.

It is settled law in this Commonwealth that "bald identity" of name without convirmatory facts of circumstances has never been considered quite sufficient to prove identity of person, although slight evidence would suffice, **Herman v. Fine,** 314 Mass. 67, 68 (1943). **Lodge v. Congress Tax Association, Inc.,** 340 Mass. 570, 574 (1960). **Nugent v. Popular Markets, Inc.,** 353 Mass. 45, 46-47 (1967). In addition to these cited cases, we cite **Brockton Hospital v. Cooper,** 345 Mass. 616, 617-618 (1963) where the foregoing law was stated and the Supreme Judicial Court pointed out that the evidence went beyond "bald identity" disclosing that the deputy sheriff's return of service showed that the defendant, John Cooper of 1011 Centre Street, Brockton, had been served in hand with a summons; that the name and address at which service was made was identical to the plaintiff's hospital records; and, thereafter, the defendant appeared and answered.

As in **Brockton Hospital v. Cooper,** supra, this instant matter contains a deputy sheriff's return of service setting forth service in hand of one "William M. Burns" d/b/a Merrick Builders, having been served at 50 Merrick Avenue in Holyoke, the identical address to which the plaintiff sent statements; and, a letter to the named defendant that resulted in the plaintiff receiving a credit application from the defendant. Also, thereafter, the defendant appeared and answered.

The defendant urged that it is error for the trial justice to have considered the return of the deputy sheriff because he did not testify nor was his return offered or accepted in evidence. It is correct that pleadings in a civil action shall not be evidence on the trial. (G.L.c. 231, § 87). However, a summons returned to court with the deputy sheriff's return thereon is not a pleading, in fact, the summons is a process of the trial court here involved: to wit, the Western Hampden Division of the District Court Department situate in Westfield. **Moriarty v. King,** 317 Mass. 210, 213-214 (1944). Further, proof of service was made to the court in compliance with and pursuant to Dist./Mun. Cts. R. Civ. P. 4(f).

We hold that a court can rightfully judicially note a deputy sheriff's return of service. **Slayton v. the Inhabitants of Chester,** 4 Mass. 478, 479 (1808). **Wait v. Maxwell,** 5 Pick. 217, 223 (1827). **Bruce v. Holden,** 21 Pick. 187, 190-191 (1838). In **Clifton v. Weeks,** 28 Mass. App. Dec. 123, 133 (1964), the Appellate Division stated it had no doubt that the presiding judge was entitled to take judicial notice of the date of the writ in a case that was being tried before him notwithstanding that the plaintiff did not formally offer the date thereof in evidence. **Clifton v. Weeks,** supra, follows, we believe, the applicable law enunciated first in 1808.

Consequently, the trial justice did not err in judicially taking note of the deputy sheriff's return of service; which, with all the other evidence including the payments made and received by the plaintiff evidenced by those checks between April 26, 1976 through September, 1976 plus the $9,000 check from William M. Burns and Mary F. Burns, were sufficient to warrant the ultimate judgment rendered.

Hence, the denial of the defendant's motion for a required finding was correct. Further, the denial of the Defendant's Requests for Rulings of Law numbered one (1) through three (3) also must be sustained. However, as to Request No. 1, to wit: "On all the evidence, a finding for the defendant is warranted", normally such request is allowed if there be conflicting evidence. As there does not appear that such evidence is present, the denial was proper. **DiGesse v. Columbia Pontiac Co, Inc.,** 369 Mass. 99 (1975).

There being no prejudicial error, the judgment is affirmed and the report is hereby dismissed.

This certifies that this is the Opinion of the Appellate Division in this cause.

**William T. Walsh, P.J.**
**Mel L. Greenberg, J.**
**Bernard Lenhoff, J.**
**Robert E. Fein, Clerk**