This certifies that this is the opinion of the Appellate Division in this cause.

Suzanne Hurley
Clerk, Appellate Division

Photios J. PHOTIOU
vs.
Charles DEL SORDO

No. 8704

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

November 2, 1982

Emmanuel N. Papanickolas, Esq., counsel for plaintiff
Stephen G. Carreiro, Esq., counsel for defendant

## OPINION

Cowdrey, P.J. This is a petition to establish the plaintiff's draft report.

1. We note initially that the plaintiff's petition to establish was not seasonably filed. The trial court disallowed the plaintiff's draft report herein on March 6, 1981. Rule 64(e) of the Dist./Mun. Cts. R. Civ. P. mandates that a petition to establish shall be submitted within five days after notice of disallowance. The petition **sub judice** was not filed, however, until March 31, 1981, a full twenty-five days after draft report disallowance. The plaintiff's petition must, therefore, be denied as untimely. **Massachusetts Drug Co. v. Bencks,** 256 Mass. 535, 536 (1926); **Lopes v. A. Pontes & Sons Construc. Inc.,** 1981 Mass. App. Div. Rep. 199; **Carr v. McDonough,** Mass. App. Div. Adv. Sh. (1979) 246, 249.

2. Second, the plaintiff has failed to discharge his duty, as appellant, to insure that the draft report now sought to be established by petition constituted an accurate and complete recital of all evidence material to appellate issues. **MacDonald v. Adamian,** 294 Mass. 187, 190 (1936); **Megizsky v. Salen,** 40 Mass. App. Dec. 35, 40 (1968). The trial court disallowed the plaintiff's draft report on the basis that said draft did not "conform to the truth in its basic recital of the proceedings at trial and does not manifest all that is necessary to enable an Appellate Division to make a proper review." The burden rested upon the plaintiff herein to establish the validity of the allegations of his petition, including the allegation that his draft report was complete and conformed to the truth. **Burick v. Boston Elev. Rwy.,** 293 Mass. 431, 435 (1936); **Jordan Marsh v. Killion,** 39 Mass. App. Dec. 238, 240 (1968).

The plaintiff herein failed in argument before this Division to even address, much less successfully to rebut, explain or overcome, the trial justice's certification of his draft report as incomplete and inaccurate. We thus accept the trial court's determination that the plaintiff's draft report cannot validly serve as a vehicle for the presentation of legal issues for review by this Division. See **Jencyowski v. Hambro,** 326 Mass. 793 (1950). A petition to establish a draft report which sets forth a summary of trial court proceedings and evidence that is either incomplete or untrue must be

denied.[1] **Julius Tofias & Co. v. George,** 54 Mass. App. Dec. 31, 31-32 (1974); **Bynoe v. Massachusetts Port Authority,** 46 Mass. App. Dec. 191, 193 (1971); **Bloom v. Boston,** 39 Mass. App. Dec. 105, 107 (1967).

3. Finally, the plaintiff's failure to preserve properly any questions of law for appellate consideration also necessitates the denial of the plaintiff's petition to establish. **Sperberg v. Allstate Ins. Co.,** 58 Mass. App. Dec. 137, 140 (1976); **Sea Street Auto Body, Inc. v. Mullis,** 55 Mass. App. Dec. 142, 146 (1974); **Plante v. Caldas,** 52 Mass. App. Dec. 127, 131 (1973).

As the trial justice properly noted in his order of disallowance, the plaintiff's fifteen purported requests for rulings of law amounted to no more than requests for findings of fact. A trial justice is not required to issue subsidiary findings of fact upon mere request in a district court proceeding. Dist./Mun. Cts. R. Civ. P. 52(b); **Ashapa v. Reed,** 280 Mass. 514, 516 (1932). The denial of requests for findings of fact customarily presents, therefore, no question of law for review by this Division. **Torres v. Early,** 49 Mass. App. Dec. 114, 125 (1972); **Hall v. Power,** 47 Mass. App. Dec. 6, 9-10 (1971).

Similarly, the plaintiff cannot now secure appellate review by this Division upon a simple charge of error in the trial court's exclusion of evidentiary admissions allegedly created by the defendant's failure to respond to the plaintiff's Dist./Mun. Cts. R. Civ. P. 36 requests for admissions. Such exclusion by the trial court constituted an evidentiary ruling which could have only been reported to this Division in accordance with the requirements of Dist./Mun. Cts. R. Civ. P. 64(a). **Massachusetts Bldg. Finish Co. v. Brenner,** 288 Mass. 481, 484 (1934); **Arthur D. Little, Inc. v. Wellington Serv. Corp.,** 39 Mass. App. 207, 213 (1968). The plaintiff neglected, however, not only to request a report at the time of the trial court's Rule 36 ruling but also to submit such a request in writing to the trial court clerk within five days of the hearing of all the evidence in accordance with Rule 64(a). The plaintiff's non-compliance with the provisions of Rule 64(a) constituted a forfeiture of any right to a review of the trial court's Rule 36 ruling. **Okin v. Sullivan,** 307 Mass. 227, 228 (1940); **Walsh v. Black,** 50 Mass. App. Dec. 22, 23-24 (1972); **Megley v. Smith,** 37 Mass. App. Dec. 228, 230-231 (1967); **Clifton v. Weeks,** 28 Mass. App. Dec. 123, 134 (1964).

4. Accordingly, the plaintiff's petition to establish is denied.

**Elliott T. Cowdrey, P.J.**
**Richard L. Banks, J.**
**H. Lawrence Jodrey, J.**

This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**

---

[1] The plaintiff's draft report in fact states that the report "contains a **portion** of the evidence and we are awaiting a transcript of the reported evidence to be transcribed in support of our allegations (emphasis supplied)." No such transcript is attached to or summarized in either the petition or draft report now before this Division. The absence of the requisite statement that the plaintiff's proposed report contains all evidence essential to the issue reported permits a further inference that the report in question is in fact fatally incomplete. **Comfort Air Systems, Inc. v. Cacopardo,** 370 Mass. 255, 259 (1976).