Forte, J.
The report sub judice attempts to present the following issue: is it error for a trial judge to dismiss a report without a hearing after a timely request for a hearing on the draft report has been filed?
After a finding for the plaintiff was docketed on October 4, 1985, the defendant filed a motion for a new trial and a motion for amendment of findings and judgment. These were denied on October 30,1985. Thirteen days *182 later[1], the defendant filed a draft report and thirteen days thereafter filed a request for a hearing. The docket indicates that on December 24, 1985 the following entry was made: “Draft report dismissed without hearing.”The order dismissing the report stated:
The ‘Draft Report’ filed by the defendant so utterly fails to comply with District Court/BMC (sic) Rules of Civil Procedure 64(c)(2), and so ignores the requirement to ‘follow the model printed as Form 33,’ that a hearing thereon would be an exercise in futility.
Accordingly, the Draft Report is dismissed without a hearing.
Rule 64(c)(4) of the Dist./Mun. Cts. R. Civ. P. permits a party, within fifteen days after filing a draft report, to file a request for a hearing on the draft report. The defendant filed a timely request for a hearing on the draft report in this case. Rule 64(c)(4) further states that “(s)uch a hearing shall be held in any event unless the court intends to allow the draft report as submitted (emphasis supplied).” The purpose of the hearing is to put the report in proper form and to have it contain the proper information. See Comfort Air Systems v. Cacopardo, 370 Mass. 255 (1976); Kelly v. Foley, 284 Mass. 503 (1933).
(I)t is not contemplated in these rules that the trial justice, who has the power to amend, alter or change the draft report as to form before it is settled as his report, should deprive litigants from their right under G.L. c. 231, §108. Substantial conformity to the model draft report requires judicial and procedural fairness in the appellate process. A draft report is in the nature of a pleading and our courts have long-abandoned the notion of strict adherence to pleadings when to do so would give preference to form over substance. Knowles v. Gilchrist Co., 362 Mass. 642 (1972).
Peabody Action Realty, Inc. v. Falkowski, 50 Mass. App. Dec. 145, 148-149 (1973).
However, although when a request for a hearing on a draft report is filed, the trial judge need not conduct a hearing if the draft report is subject to dismissal. An example is when the draft report is not timely filed.
Dist./Mun. Cts. R. Civ. P., Rule 64(c)(l)(ii) states draft reports shall be filed within ten days after entry of judgment.[2] Rule 6(a) states: “.. .The last day of the period so computed shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or a legal holiday...” (emphasis supplied) In this case, the tenth day after entry of judgment was a Saturday, the eleventh a Sunday, and the twelfth was a legal holiday, Monday, November 11, 1985. Therefor, although the draft report was filed on the thirteenth day (a Tuesday) it was timely and not subject to dismissal.
The action is returned to the trial court to conduct a hearing on the draft report in accordance with Peabody Action Realty, Inc. v. Falkowski, supra.

 Although the docket indicates the draft report was filed on November 14,1985, the draft report is date-stamped as being filed on November 12,1985.

 The ten days begin to run after post trial motions are decided.