Shubow, J.
We have before us what we treat as a petition to establish a report pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(e), even though it is not captioned as such. The legal issue is whether the plaintiff, dissatisfied with the damage award in a remanded civil case, has been improperly halted in his efforts to retransfer the case for jury trial in the Superior Court pursuant to G. L. c. 231, § 102C. Attached to the petition are other papers as follows: Exhibit A, captioned Notice of Transfer to Superior Court; Exhibit B, entitled Proposed Draft Report; Exhibit C, Draft Report as Proposed By the Court; and finally a two-page document captioned Report (dated October 6,1988).
Under earlier practice the documents filed by the appellant would have been insufficient to permit the establishment of a report by us. See, for example, Sperberg v. Allstate Insurance Company, 58 Mass. App. Dec. 137, 140 (1975); see also Comfort Air Systems, Inc. v. Cacopardo, 56 Mass. App. Dec. 47 (1975), affirmed at 370 Mass. 255 (1976).[1]
The latter decision contains (at p. 259) one of many recent indications by appellate tribunals expressing something less than enthusiasm for rejection of attempts to obtain review of the judgments or orders of trial courts by reason of departures from absolute compliance with the strictures of Rule 64. See Cape Cod Bank & Trust Co. v. Le Tendre, 384 Mass. 481, 485 (1981), which calls for the exercise of discretion in distinguishing between fundamental procedural errors and defalcations with relatively little impact on the real interests of the parties. A most compelling expression of the growing conviction that appellants should not be mechanically denied appellate review if to be found in Brown v. Quinn, 27 Mass. App. Ct. 288 (Káss, J., concurring at pp. 291-292) decided May’10,1989, after this case was argued. See also Points East, Inc. v. City Council of Gloucester, 15 Mass. App. Ct. 722, 724 (1983).
*163 The docket entries sent us pursuant to section (f) of rule 64 leave much to be desired in the sense that they omit reference to papers apparently filed and actions admittedly taken by the court or by the clerk’s office.[2] Nevertheless, it seems clear that the plaintiff has diligently and consistently sought to press his claim that having been disappointed by the damage award made in his favor his claim for retransfer and jury trial in the Superior Court was timely if filed within ten days of his having received actual notice of the award as distinguished from notice arguably resulting from the entry on the docket.[3] His position on the substantive law has merit. Coen Marine Equipment, Inc. v. Kurker, 392 Mass. 597, 602 (1984). See and compare Newman v. Brennan, 27 Mass. App. Ct. 1104, 1105-1106 (1989). See also Regan v. Atlantic Refining Co., 304 Mass. 353, 354 (1939). The notice requirement is statutory, thus rules about the sufficiency of mail do not apply. However, what is not so clear is the appellant’s assertion in his petition that he did not receive notice of the court’s finding until June 3,1988, “due to a recent change in address.” In an effort to be helpful the trial judge has prepared a report described on the docket as “being in the form in which I would allow it." The j udge’s version contains no finding as to when the plaintiff received notice of the decision as to which he claims to be aggrieved. It thus does not set forth the issue of practice which the plaintiff seeks to have reviewed.
Despite the murkiness of the docket entries on the subject, it does not appear that the plaintiff has been dilatory in seeking to invoke his right to have the actions of the trial court reviewed here.[4] Under the circumstances we think the reasonable course is to remand the case to the trial judge to afford him an opportunity to find the facts as to the time when the plaintiff (i.e. his counsel) received notice of the court’s determination (as that issue is framed in Newman, supra) and to assist the plaintiff in preparing a report of the judge’s ruling as to the timeliness of the plaintiffs transfer request based on the facts as found. As to the court’s obligation under the present rule to aid in preparing the report see Peabody Action Realty, Inc. v. Falkowski, 50 Mass. App. Dec. 145, 148-149 (1973); Mason v. Perlman, 1986 Mass. App. Div. 181, 182.
The case is remanded to the trial judge for the purpose of establishing a report containing the material facts and rulings of law thereon in accordance with this opinion.

 The deficiencies in the report sought to be established are set forth in footnote 2 at p. 257.

 We leave open as was done in Swanson v. Bankers Life, 1982 Mass. App. Div. 143, 146 n. 7, the issue of the scope of the appellant’s obligation to take steps to insure that the docket entries reflect the actual procedural course of events.

 It would be premature for us to comment on the question whether in this remanded case, the finding having been entered on 5/24/88 (according to the docket),Judgment thereon should not have entered on 5/25/88 but only after the time for seeking a transfer had expired.

 The docket shows the defendant's motion to strike a request for a draft report on 7/26/88 but, does not show when any request for a draft report was filed by the plaintiff. Nor does it reflect any action by the trial'judge dismissing or disallowing a draft report.