Shubow, J.
This controversy is before us on a petition to establish a report, pursuant to Rule 64(c) of Dist./Mun. Cts. R. Civ. P., accompanied by a draft report The plaintiff prevailed at trial on its claim as the purchaser of a truck at an auction against the vehicle owner who refused delivery, thus repudiating the results of the bidding, but lost on its claim against the auctioneer. The judge found that “[t]he auction was, at all times, conducted in a proper manner.”
By requests for rulings, supported by citations (according to the draft report), the plaintiff argued that the auctioneer, as agent for a previously undisclosed principal, was also liable to the plaintiff. As to these requests, looking toward a finding against the auctioneer as well as his principal, the judge made an entry that they were deemed waived, notwithstanding the fact that the general finding was adverse to the claimant as to the auctioneer. (It will be understood that the legal principle being advocated by the appellant is not before us for determination but is referred to simply to place the pending issue in context.)
The plaintiffs petition asserts that the trial judge dismissed its draft report. The *169 docket entries, fortunately for the plaintiff, indicate that the judge disallowed it.[2] The docket entries control. See Microsonics, Inc. v. Comrex Corporation, 39 Mass. App. Dec. 229, 233 (1968); Third National Bank & Trust Company v. Stagnaro, 25 Mass. App. Dec. 58, 68 (1962).
Review of the disallowance of a draft report by way of a petition to establish is the appropriate remedy. Lane v. Smith, 57 Mass. App. Dec. 27, 29 (1975); Howard v. Commonwealth of Massachusetts, 49 Mass. App. Dec. 25, 28 (1972), as distinguished from a claim of report on an order of dismissal.
Here the disallowance by the trial judge was unexplained on the record. The explanation attributed to the judge in the plaintiffs petition (“because Plaintiffs position on the Appeal was wrong as a matter of law” [sic]) would be insufficient We have no doubt as to the plaintiffs entitlement to the establishment of a report The judge was required by statute (G.Lc. 231, §110) and Rule 64 to support disallowance with a statement of reasons. Rule 64(c) (5) of the Dist/Mun. Cts. R. Civ. P. clearly and unequivocally mandates that a trial justice “shall set forth in writing succinctly the factsand reasons” for his disallowance of adraft report See also, Patterson v. Ciborowski, 277 Mass. 260, 262-266 (1931). “We can hypothesize no set of circumstances which would justify or explain a Mure to comply with this simple procedural requirement” Marquis v. Galasti, et al., 1982 Mass. App. Div. 218, 218-219. See also, Del Solia v. Campbell Sales Co., 59 Mass. App. Dec. 99 (1976).
Under some circumstances it would be open to us to establish the draft attached to the plaintiffs petition as the report on the basis of which review could proceed. See, as an example, Howard v. Commonwealth of Massachusetts, 49 Mass. App. Div. 25, 28 (1972) (Mason, J.). See also Tighe v. Rivera, 1979 Mass. App. Div. 143, 144. However, the draft report on file does not state that it contains all the evidence material to the questions reported. Such an omission has often been deemed fatal. SeeSperbergv. Allstate Insurance Company, 58 Mass. App. Dec. 137, 140 (1976). The affidavit accompanying the petition includes an assertion that the petition contains “all facts known ... to be material to said Petition.” But that does not satisfy the rule that the report must be expressly shown to contain all evidence, findings and other matter necessary for decision. There are other technical deficiencies. See Carr v. McDonough, 1979 Mass. App. Div. 246, in which the former presiding justice of this district canvassed many of the pertinent procedural requirements. In keeping with modem movement away from excessive preoccupation with procedural niceties, we think that justice will best be served by turning to the trial judge for a hearing on[3] and settlement of the report “Having heard all the evidence and rendered a judgment thereon, the trial justice is in the best position to determine if a draft report constitutes an accurate and complete recital of all evidence material to appellate issues. Indeed, it is the trial justice’s duty to so review a proposed report.” Marquis v. Galasti, et al, 1982 Mass. App. Div. 218.
To accomplish this we decide that the petition for establishment of a draft report is allowed and the case remanded to the trial judge to pass upon the contents, after hearing. This was the course adopted in Del Solia, supra.

 The distinction, fully understood only by aficionados of appellate procedure, although wholly enshrined in the cases (see, for example, Gallagher v. Atkins, 305 Mass. 261, 262-264 [1940]; Murray v. Edes Manufacturing Company, 305 Mass. 311, 312 [1940]; Overstreet v. Chambers, 56 Mass. App. Dec. 145, 148 [1975]) is not likely to survive the work of the committee revising Rule 64. See Brown v. Quinn, Tr., 406 Mass. 641, 645 (1990); Bender v. Automotive Specialties, Inc., 407 Mass. 31, 36 (1990).

The pocket entries do not indicate whether any hearing preceded the order of disallowance. The plaintiffs petition asserts there was none. Ahearing is generally required. Mason v. Perlman, 1986 Mass. App. Div. 181, 182-183.