Dougan, J.
In this action the plaintiff, AT&T Resource Management Corporation (“AT&T’), sought to recover the sum of $21,512.75 from the defendants, Building Technology Engineers, Inc. (“BTE”) Codman Company, Inc. (“CCI”) and 45 Milk Street Corporation (“45 Milk Street”) for damage to a computer owned by AT&T.
The answers of all defendants denied negligence and claimed that any damage was caused by the negligence of a third party or AT&T; CCI and 45 Milk Street together cross-claimed against BTE for indemnity and BTE counter-cross-claimed on the same grounds.
Following a trial before Pino, J. on June 7, 1991, judgment was entered for the defendants. AT&T filed motions to amend the findings and for a new trial. After hearing on August 9, 1991, these were denied August 14, 1991. The time within which AT&Ts request for a draft report and draft report were to be filed expired on August 26, 1991. the first business day after the tenth day following the entry of judgment. MotionforLeavetoFileaRequestforDraftReport Late wasfiled and served onAugust 29, 1991. The motion requested leave to file the draft report within ten days after August 26, 1991, or by September 4, 1991. The draft report was filed on September 4. 1991.
On September 9, 1991, the trial court denied AT&Ts motion. AT&T on September 13, 1991 requested a report on this denial and filed a draft report with its request. AT&Ts draft report was “disallowed” by Judge Pino on February 13, 1992.
On February 20, 1992, plaintiff filed a petition to establish draft report and affidavit by which it "desire (d) to raise the correctness of the September 9, 1991 order denying AT&Ts Motion for Leave to File a Request for Draft Report Late.”
The trial court’s denial on September 9, 1991 of the plaintiff s motion to extend the ten day draft report filing time was an implicit denial of the document to be filed, the draft report. Arciero v. Eagle Realty Assoc., Inc., 1982 Mass. App. Div. 203. The denial of a draft report is tantamount to the dismissal not the disallowance of the draft report. New England Rehabilitation Hospital, Inc. v. Horgan, 1980 Mass. App. Div. 115. The proper remedy for the dismissal of a draft report is a request for a report and draft report which challenge the correctness.of the dismissal order. Dist./Mun. Cts. R Civ. P., Rule 64(c) (6). Federal Deposit Insurance Corporation v. Norman E. Daniel, 1984 Mass. App. Div. 98.
A motion to extend the ten day draft report filing time is addressed solely to the discretion of the trial justice and any challenge to a denial must be brought by means of a report of an alleged abuse of discretion amounting to an error of law. Marquis v. Golasti, 1982 Mass. App. Div. 218. Since the plaintiff on September 13, 1991 filed its *120 request for a draft report and draft report regarding the trial court’s dismissal on September 9, 1991 of the motion to extend time, the disallowance/dismissal on February 13,1992 of this request for a report and the draft report by the trial court was error.
Moreover since the draft report filed by the plaintiff on September 13,1991 properly raised the correctness of the September 9,1991 denial by the trial court and is now before the Appellate Division, the panel adopts the draft report and decides the issue that is presented by it.
The standard to apply when deciding whether an abuse of discretion occurred is whether such disposition constituted action “which no conscientious judge, acting intelligently, could honestly have taken.” Gurney v. McIntires Dairy, Inc., 50 Mass. App. Dec. 46 (1972). There is no suggestion of such an abuse of discretion in the trial judge’s denial of the motion to extend.
The sole reason offered as excusable neglect by the plaintiff for failing to meet the ten day requirement for filing its request for report and draft report was that trial counsel was on vacation out of state. Notice of the trial court’s denial of the plaintiff s motion for a new trial was received in trial counsel’s office; there is no claim that this notice was not received or delayed in any way.
While members of the Appellate Division panel might have responded differently to the plaintiff’s motion to extend, it was well within the discretion of the trial judge, based on his knowledge of the case and the merits of the plaintiff’s claim, to take the action he did.
The report is dismissed.